[No. 4658.]

EDWARD FRANKLIN v. EPHRAIM MERIDA ET AL.

ENTERING AND RECORDING A JUDGMENT.—If the court renders a judgment from the bench, during the lifetime of the plaintiff, the clerk may perform the ministerial act of entering and recording it after his death.

IDEM.—In such case, it is erroneous for the court, after the judgment is re- corded, to order it amended so as to make it appear to be entered *nunc pro tunc* as of the day it was rendered by the court.

EXECUTION ON JUDGMENT IN EJECTMENT.—If an execution correctly refers to a judgment, in such manner as to identify it, it is sufficient to justify the sheriff in enforcing it, even if it contains an error in reciting the day on which the judgment had been rendered.

WRIT OF RESTITUTION ON JUDGMENT IN EJECTMENT.—If the plaintiff in ejectment dies after a judgment in his favor has been rendered, a writ of restitution may be issued on the judgment, at the instance and for the benefit of his successor in interest in the property.

IDEM.—If such writ of restitution is issued and served in the name of the deceased plaintiff, but is in point of fact issued at the instance and for the benefit of his successor in interest, although irregular in point of mere procedure, it is correct in substance, and the defendants will not be restored to the possession.

APPEAL from the District Court, Twelfth Judicial Dis- trict, City and County of San Francisco.

Edward Franklin sued Ephraim Merida and others to recover possession of a tract of land in the city and county of San Francisco. On the 2d day of October, 1869, the court made the following order for judgment in favor of the plaintiff, and it was entered by the clerk in his book of minutes of the court:

"This cause having been heretofore tried before the court without a jury, and submitted for consideration and decision, it is now ordered that plaintiff in this cause have judgment against the defendants for possession of the premises described in the complaint, together with costs of suit."

No further entry was made by the clerk until the 1st day of October, 1874, when he entered up and recorded a formal judgment. On the same day, the clerk issued a writ of restitution, which read as follows:

"Whereas, on the 1st day of October, A. D. 1874, Edward Franklin recovered a judgment in said District Court of the Twelfth Judicial District of the State of California, in and for the city and county of San Francisco, against Ephraim Merida, Frederick Wittram, Charles A. Merrill and Washington Elliott, for the possession of certain premises in said judgment, and hereinafter more particularly described, together with said plaintiff's costs and disbursements incurred in this action, amounting to the sum of seven hundred and ten and fifty one-hundredths dollars ($710.50) as appears to us of record.

"And whereas, the judgment-roll in the action, in which said judgment was entered, is filed in the clerk's office of said court, in the city and county of San Francisco; and the said judgment was docketed in said clerk's office, in the said county, on the day and year first above written.

"Now, therefore, you, the said sheriff, are hereby commanded and required to place the said Edward Franklin, plaintiff, in the quiet and peaceable possession of the lands and premises in said judgment, described as follows, viz., being situated in the city and county of San Francisco, namely."

Then followed a description of the property, with the usual directions to levy to make the costs. The sheriff, on

the 6th day of October, 1874, served the writ of restitution, and, on the same day, returned it. On the 7th day of October, 1874, Barnt Sequine and Anna Black filed affidavits that they had succeeded to whatever rights defendant Merida (who was turned out) had in the property, and that he was then tenant, and that Edward Franklin died before the judgment was recorded. They asked that Merida be restored to the possession. The court made an order for the sheriff to show cause why Merida should not be restored to the possession. It appeared by the affidavits filed on behalf of the sheriff, that the plaintiff Franklin had sold the property, and the title conveyed by him had, by *mesne* conveyances, vested in John H. Van Nest, and that the judgment had been recorded and the writ issued and served at the request of Van Nest's attorney, and for the benefit of Van Nest. The attorney for Van Nest moved that the judgment be amended, and the court made an order that the record of the judgment be amended so as to make it appear to be entered *nunc pro tunc* as of October 2, 1869, and that the writ of restitution be amended so as to correspond with the judgment as amended. The court further ordered that the application to be restored to possession be denied. The defendant Merida and others interested appealed from the order.

The other facts are stated in the opinion.

*Douthitt & McGraw*, for the Appellant.

.Van Nest had no authority or right to appear in this action or proceeding, as the plaintiff was dead. (*Judson* v. *Love*, 35 Cal. 469; *McCreery* v. *Everding*, 44 Cal. 286; *Bellinger* v. *Ford*, 14 Barb. 250; 21 Id. 311.)

The plaintiff could not, in pursuance to the writ, be placed in possession, because he was not in existence.

In cases of this kind, we are governed strictly by our Code of Civil Procedure. Sec. 686 of said code provides that in case of the death of the judgment creditor after judgment, execution thereon may issue. Subdivision 2 of said section, provides that in case of the death of the judgment debtor, if the judgment be for the recovery of real or

personal property, or the enforcement of a lien thereon, execution may issue.

The second subdivision only provides for the issuance of an execution in cases of judgment for the recovery of real estate, when the defendant or judgment debtor dies, and there is no provision for an execution to issue in a case for the recovery of real estate where the plaintiff dies after judgment. (Sec. 686, Code of Civil Procedure.) Sec. 1505 provides as follows: "When any judgment has been rendered for or against the testator or intestate in his lifetime, no execution shall issue thereon after his death, except as provided in section 686."

*H. H. Haight*, for the Respondent.

The entry of the judgment—that is, the recording of it in the judgment-book—is the mere ministerial act of the clerk, and the doing or the not doing it can in nowise affect the validity of the judgment; nor can the death of any of the parties to an action affect its validity, if the death take place after judgment is rendered. (See Sec. 681, Code of Civil Procedure.)

The rendition of a judgment is a judicial act; its entry upon the record is merely ministerial. In the cases cited from 14th and 21st Barbour, the application for execution was made by an attorney who assumed to act on behalf of a dead plaintiff; but here, the application was made on behalf of a live successor in interest.

The writ was properly issued under Sec. 686 of the Code of Civil Procedure, which provides that the writ may issue on behalf of the successor in interest to the judgment creditor. But if it had been necessary for the entry of judgment to be made in the decedent's lifetime, still this can avail the appellant nothing. In such case, the invariable rule is to refuse to quash the writ, and to permit the record to be amended by making the entry *nunc pro tunc*, and to amend the writ to correspond with such entry. (Freeman on Judgments, Secs. 56, 57, 61, 64, 67; *Mackay* v. *Rhinelander*, 1 Johns. Cases, 411, note at foot of case; *Close* v. *Gillespey*, 3 Johns. Rep. 526; *Chichester* v. *Cande*, 3 Cowen, 39.)

By the COURT:

There was no necessity for an amendment of the judgment. It was *rendered* October 2, 1869, in the lifetime of the plaintiff, and *recorded* October 1, 1874, after his death. Nor was there any necessity to amend the writ of execution, for though it erroneously recited that the judgment had been rendered on the first day of October, 1874, still it otherwise correctly referred to the judgment in such a manner as to identify it. In these respects the order below was erroneous; but, we think that under the circumstances appearing, the motion to restore the defendants to possession was correctly denied. The writ, though issued after the death of the judgment plaintiff, and in his name, was, in point of fact, issued and executed at the instance and for the benefit of Van Nest, who is conceded to be the successor of the judgment plaintiff. Had he, as such successor in interest, applied regularly for the writ in the first instance, the court would have awarded it to him. What has been done is therefore correct in substance, though irregular in point of mere procedure. It is hardly worth while to turn Van Nest out, when it is clear that he must be immediately put back again into possession.

The order as entered below is reversed, and the cause remanded, with *directions* to enter an order denying the motion, but awarding the moving parties their costs in the court below, and upon this appeal.