SHORT *vs.* THE STATE OF GEORGIA.

Every act of an officer should bear upon its face evidence of its official character. Therefore, where a tax *fi. fa.* was issued and signed by "Wm. R. Smith," and it appeared neither by the addition of the words "tax-collector" to his signature nor otherwise on the face of the paper that he was tax-collector, it was not a legal process; and if the defendant named therein resisted the levy of such *fi. fa.* by a constable, in whose hands it was placed, he was not guilty of obstructing, resisting and opposing such officer in executing a legal process.

November 23, 1887.

Executions. Taxes. Criminal Law. Officers. Before Judge LUMPKIN. Wilkes Superior Court. May Term, 1887.

Reported in the decision.

COLLEY & SIMS, for plaintiff in error.

W. M. HOWARD, solicitor-general, for the State.

SIMMONS, Justice.

George Short was indicted for a misdemeanor, in Wilkes superior court, in that he "knowingly, wilfully and wrongfully did obstruct, resist and oppose one Pope, a lawful constable of said county, said Pope then and there attempt-

ing to effect the levy of a certain tax *fi. fa.* against said Short, said *fi. fa.* being a legal process and lawfully intrusted to said Pope, constable as aforesaid, with directions to levy the same."

The *fi. fa.* was in the usual form and was signed by Wm. R. Smith. On the trial of the case the defendant was convicted, and moved for a new trial; which motion was overruled, and he excepted and brings the case here for review.

Among the grounds insisted on here were the following, in substance: That the *fi. fa.* set out in the indictment was not a legal process, it being signed by one W. R. Smith individually, and not as tax-collector; and that the court charged that the *fi. fa.* set out in the indictment, although not signed by W. R. Smith as tax-collector, was a sufficient *fi. fa.* in law; and that if the defendant obstructed or resisted the constable in levying said *fi. fa.*, the jury would be authorized in finding him guilty.

We think the court erred in holding this to be a legal process or a good execution, under the law. "The rule is well-settled, that every public document which is required by law to be executed by a public officer, must be verified by the official signature of the person who made it. The object of the rule is the identification of the document as an official act, executed by authority of law; and its spirit is answered only when the official character of the person making it is established, and the document appears upon its face to be an official act, attested by the signature of the officer." "Every act of an officer should bear upon its face evidence of its official character, because every officer is responsible to the government and parties interested in his acts, for all injuries occasioned by his acts or omissions under color of his office. The authority of an officer to do a specific thing is delegated to him by law, and is reposed in the officer, not the man. He acts in an official capacity." "But for the protection of the law he would be a trespasser in exercising the power, and responsible to the citizen for

his acts. When, therefore, he attempts to execute the power, he must recognize the source from whence he derives it, follow the requirements of the law, and perform all acts in that character alone which the law recognizes; otherwise the act is a nullity. The principle is uniformly conformed to by all of the great departments of government. And in this State, every officer, from the governor down to a road overseer, verifies in this manner his official acts. The rule extends to all official documents connected with the sales of property for the non-payment of taxes." Blackwell on Tax Titles, third edition, 342–3.

In Spear *vs.* Ditty, 9 Vermont, 282, it was held that, where an advertisement of the delinquent tax list was signed " E. Spaulding," without the addition of the word " collector," the sale under it was void. The court remarked: " It is not true that every man is presumed to be clothed with and to be exercising an official capacity because it seems to be needed for what he is attempting. Such a principle would sweep away all official signatures and designations. The statute form must be strictly followed. Even a known public officer must so sign every official document. It is difficult to see how any one can act officially on paper, and not so state on the paper. It must appear on the publication by what power and in what capacity the person acts." See also, Isaacs *vs.* Shattuck, 12 Vermont, 668; and Taylor *vs.* French, 19 Vermont, 49.

It appears from the record in this case, that the tax *fi. fa.* placed in the constable's hands was signed by Wm. R. Smith as an individual, and that the words "tax-collector" were not added to his signature, nor did it appear otherwise on the face of the paper that he was tax-collector. This being so, we hold that it was not a legal process which the constable had in his hands; and it not being legal, Short had the right to resist the levy of an illegal paper or *fi. fa.* upon his property. The court erred in charging

the jury that the *fi. fa.* set out in the indictment was a legal process.

Judgment reversed.