[S. F. No. 1346.   In Bank.—February 11, 1901.]

DELIA T. O'DONNELL, Appellant, v. J. H. MERGUIRE and
J. S. REID, Respondents.

ACTION TO QUIET TITLE—TRANSFER IN FRAUD OF CREDITORS—VOID SALE
TO EXECUTION PURCHASER—ORDER GRANTING NEW TRIAL—APPEAL.
In an action to quiet title, where a former conveyance to the
plaintiff by a debtor was assailed as a fraud upon his creditors
by the defendant, who claimed as subsequent purchaser at
sheriff's sale under execution upon a judgment against the
debtor, and a new trial was granted to the defendant for in-
sufficiency of the evidence to justify findings that the convey-
ance to the plaintiff was not in fraud of creditors, the order will
be reversed upon appeal if the sale to the defendant, as exe-
cution purchaser, was void. In such case the question of fraud
upon creditors is immaterial, and does not affect the plaintiff's
ownership.

ID.—VOID EXECUTION—SUBSCRIPTION IN NAME OF EX-CLERK.—An exe-
cution issued in the name of an ex-clerk, instead of that of
the incumbent, is void, and not amendable; and a sheriff's sale
under such void execution is void, and passes no title to the
purchaser.

ID.—POWER TO AMEND EXECUTION.—The power to amend a writ of exe-
cution is limited to the amendment of the writs of the court,
which can only be authenticated, under a law such as ours, by
the subscription of the clerk, which subscription is an essential
part of the writ, without which there is no execution to be
amended.

ID.—EFFECT OF SEAL.—Whether the seal of the court is or is not essen-
tial to the writ is not determined; but the seal alone, without
the subscription of the clerk, is insufficient to authenticate the
execution.

APPEAL from an order of the Superior Court of Alameda
County granting a new trial.   A. L. Frick, Judge.

The facts are stated in the opinion of the court.

Reed & Nusbaumer, for Appellant.

The subscription of process by the clerk is mandatory.   (Code
Civ. Proc., sec. 682; *Lyman v. Milton*, 44 Cal. 630; *Ward v.
Ward*, 59 Cal. 139; *Dwight v. Merritt*, 18 Blatchf. 305.)   The
court must take judicial notice of the name of the incumbent

county clerk. (Code Civ. Proc., sec. 1875; *Wetherbee v. Dunn,* 32 Cal. 108.)

Charles Wesley Reed, and King & Hornblower, for Respondent J. S. Reid.

The execution was merely voidable and amendable. The clause of attestation may be amended by striking out an improper signature, and adding a proper signature. (1 Freeman on Executions, par. 61; *Jett v. Shinn,* 47 Ark. 373; *Chapin v. Allison,* 15 Ohio, 566; *Hernandez v. Drake,* 81 Ill. 34; *Hibbard v. Smith,* 50 Cal. 511; *Ross v. Luther,* 4 Cow. 158[1]; *United States v. Hanford,* 19 Johns. 173; *Henry v. Henry,* 1 How. Pr. 167; *Spooner v. Frost,* 1 How. Pr. 192; *Nash v. Brophy,* 13 Met. 476.) An erroneous or amendable execution cannot be collaterally attacked. (*Hunt v. Loucks,* 38 Cal. 382.[2])

THE COURT.—Appeal from an order granting the defendant a new trial.

The suit was brought to quiet title to lands described in the complaint. The defendant Reid claimed title in himself. Both parties deraigned title from one Thomas O'Donnell, the husband of plaintiff—the plaintiff, by deed of conveyance of date July 14, 1891; the defendant Reid by a sheriff's sale under an execution against Thomas O'Donnell. The defendants' case is based on the claim that the former conveyance was in fraud of creditors, and hence void as against the subsequent execution sale to him. The findings negatived the allegations of fraud, and found in favor of the plaintiff on the issue of title. The new trial was granted presumably upon the ground that the evidence was insufficient to justify the finding that the conveyance of O'Donnell to the plaintiff was not fraudulent as to creditors. But as the conveyance is specifically found, the finding as to fraud can be material only upon the assumption of the validity of the subsequent sheriff's sale to the defendant. Otherwise the plaintiff's ownership follows as a conclusion of law, from the conveyance to the plaintiff from O'Donnell—the common source of title—and the alleged fraud is immaterial. The alleged writ of execution, under which de-

---

[1] 15 Am. Dec. 341, and note.          [2] 99 Am. Dec. 404.

fendants' title was deraigned, was regular in all respects except that it was signed "M. C. Haley, Clerk, by B. D. Dougherty, Deputy Clerk," and not by C. F. Curry, who was the clerk at the date of the alleged execution. Haley was a former clerk, and his signature, "M. C. Haley, Clerk," was in print; and it was admitted that Dougherty was the deputy of Curry, as he had been also of Haley. The question is thus presented whether the document in question was a valid execution, sufficient to confer power on the sheriff to sell and to convey the land.

The power of courts to amend writs issuing from them, when defective or irregular, has long been exercised, and in modern times with increasing frequency; nor is it easy to prescribe definite limits to the power (1 Freeman on Executions, sec. 63); and it is also settled that, if the writ be amendable, it will be accorded the same effect with reference to acts done in execution of it, as if it had been amended. (1 Freeman on Executions, sec. 71b; *Hunt v. Loucks*, 38 Cal. 374.[3]) The question therefore is, whether the omission of the subscription of the clerk to the writ of execution—as required by section 682 of the Code of Civil Procedure—can be amended. If so, it cannot be regarded as void; otherwise it must be so regarded.

The question, we think, admits of an obvious answer. The power of amendment, however extensive it may be, is limited to the amendment of the writs of the court, which can be authenticated only, under provisions of the law similar to ours, by the subscription of the clerk. Without this there is nothing "which the judge can affirm" is an execution "issued upon the judgment produced." (*Hunt v. Loucks, supra.*) Under the ancient practice, where the seal of the court was in the custody of a particular officer and sedulously guarded, and when seals were habitually used for the purpose of authenticating instruments, a seal alone may have been sufficient to authenticate an execution—as in fact was the case in the king's bench—though in the more modern court of common pleas the signature of the prothonotary was required. (Tidd's Practice, 999, 1027.) But in modern times the seal has lost its significance, and cannot be regarded as a sufficient authentication

---

[3] 99 Am. Dec. 404.

without the signature of the officer affixing it. Whether both seal and subscription of the clerk—as required by the code—be essential, is a question about which the authorities differ (1 Freeman on Executions, sec. 70), and which it is unnecessary, in this case, to determine. But we are of the opinion that the seal by itself is insufficient, and that the subscription of the clerk is an essential part of the writ, without which there is no execution to be amended.

On this point also there is some conflict in the authorities, which are discussed by the author in the work cited, section 45; but the preponderance seems to be in favor of the conclusion we have reached. (*Huggins v. Ketchum,* 4 Dev. & B. 414; *Short v. Slate,* 79 Ga. 550; *Hernandez v. Drake,* 81 Ill. 34; *Wooters v. Joseph,* 137 Ill. 113[4]; *Dearborn v. Chicago,* 55 Ill. App. 438; *Dwight v. Merritt,* 18 Blatchf. 305.)

The order granting a new trial must therefore be reversed and it is so ordered.

Beatty, C. J., dissented.