[S. F. No. 3074. Department Two.—March 19, 1903.]

## WALTER S. BRANN, Appellant, v. A. E. BLUM, Respondent.

SALE UNDER EXECUTION UPON JUSTICE'S JUDGMENT—COLLATERAL ATTACK —DEFECTS IN WRIT—AMENDABILITY.—Where a sale of real property under execution from a justice's court is collaterally attacked for alleged defects in the writ, it appearing that the execution was issued by a successor in office of the justice who rendered the judgment, and correctly gives the name of the justice who rendered the judgment, and the names of the parties thereto, and the county in which it was rendered, and states the name of the township in the title of the writ and in the indorsement thereupon, errors in stating the number of cents in the amount of the judgment, and the month in which it was dated, and in omitting to state the township in describing the judgment, and to fill a blank after the word "defendant" in the writ, do not vitiate the writ or the sale thereunder, but are amendable, and must be deemed amended.

ID.—ACTION TO QUIET TITLE—FINDINGS OF SUPERIOR COURT—PRESUMPTION.—Where the validity of the execution sale is involved in an action to quiet title brought in the superior court, which finds that the summons was issued in the justice's court, and was served upon the defendant in the action brought therein by the constable of the township, and that thereafter, on a specified date, by an order duly made and given, the said justice named duly rendered judgment against said defendant named, it will be presumed in favor of the findings that due proof of the facts was made to the superior court.

APPEAL from a judgment of the Superior Court of Contra Costa County. William S. Wells, Judge.

The facts are stated in the opinion.

.Walter S. Brann, Appellant, *in pro. per.*

The execution is void upon its face. (Code Civ. Proc., secs. 902, 920; *Clark* v. *Miller,* 18 Barb. 269-271; *Place* v. *Riley,* 99 N. Y. 1-4; *Streeter* v. *Frank,* 4 Chand. 97; *Palmer* v. *Crosby,* 11 Gray, 47; *Stevens* v. *Choteau,* 11 Mo. 322; *Porter* v. *Haskell,* 11 Me. 177; *Toof* v. *Bently,* 5 Wend. 276.)

R. H. Latimer, for Respondent.

There is sufficient to identify the judgment, and the execution being only voidable and amendable, it cannot be attacked collaterally. (*Hunt* v. *Loucks,* 38 Cal. 375;[1] *Franklin* v. *Merida,* 50 Cal. 289; *Newmark* v. *Chapman,* 53 Cal. 557; *Rowe* v. *Blake,* 112 Cal. 637; *Wright* v. *Nostrand,* 94 N. Y. 31; *Abels* v. *Westervelt,* 15 Abb. Pr. 230; *People* v. *Montgomery,* 18 Wend. 633; *Williams* v. *Hogeboom,* 22 Wend. 648; *Graham* v. *Price,* 3 A. K. Marsh. 522;[2] *Scribner* v. *Whitcher,* 6 N. H. 63.[3])

CHIPMAN, C.—Action to quiet title. Defendant had judgment, from which plaintiff appeals on the judgment-roll. It appears from the findings that at the commencement of the action one Chase, was, and now is, the owner and holder of the legal title of the premises in dispute; that on October 27, 1893, he entered into an agreement with one Lorin Brann to sell the said premises to him. On January 22, 1900, Lorin Brann conveyed by deed to plaintiff all his interest in said land and said contract, and plaintiff is now the owner thereof. It is further found that defendant has an interest in said land adverse to the claim of plaintiff, arising out of the following facts: On March 4, 1897, one S. Blum commenced an action before Orlando McCraney, a justice of the peace of the justice court of first township, Contra Costa County, California, against said Lorin Brann, and summons was served March 8, 1897; "afterwards, to wit, on the twenty-sixth day of March, 1897, by an order duly made and given, the said Orlando McCraney, a justice of the peace of said justice court, duly rendered judgment against said Lorin Brann, and in favor of S. Blum, for the sum of $234.28, and costs taxed at

[1] 99 Am. Dec. 404.          [3] 23 Am. Dec. 608.

[2] 13 Am. Dec. 199, and note.

$8.75''; thereafter said S. Blum, regularly assigned the afore-said judgment to A. E. Blum, defendant herein; on March 27, 1897, said S. Blum duly filed an abstract of judgment in due form in the recorder's office of Contra Costa County. On January 9, 1900, "the said S. Blum caused execution to be issued out of the said justice court in said action against said Lorin Brann, by D. S. Carpenter, the justice of the said court, and the official successor of said Orlando McCraney, in said action against said Lorin Brann, for the sum of $234.38, in due form as required by law and properly signed by the justice of said court, which execution is in the words and figures as follows, to wit." Then follows the writ, and as appellant's points are based upon certain alleged fatal irregularities appearing on the face of the writ, it will be stated substantially as issued:—

"In the Justice's Court, First Township, Contra Costa County, California:

"The People of the State of California, to the Sheriff or any Constable of the County of Contra Costa, greeting:

"Whereas, a judgment was rendered before Orlando Mc-Craney, Justice of the Peace of the County of Contra Costa, [the township does not appear here,] on the 26th day of January, A. D. 1897, [the judgment was entered March 26, 1897,] against Lorin Brann and in favor of S. Blum for the sum of $234.63 principal [the judgment was for $234.28], with . . . interest, and $8.75 costs of suit. These are, there-fore, to command you, the said constable, that out of the . . . personal property, and if sufficient personal property cannot be found, then out of the . . . real property of said defendant . . . you levy and cause to be made, by distress and sale, the said amount of $234.63 with interest, $8.75 cost of suit with interest thereon at the rate of seven per cent per annum from the date of judgment, and $ . . . accrued costs, together with cost that may accrue; and of this writ make legal service," etc. "Given under my hand this 9th day of January, A. D. 1900. D. S. Carpenter, Justice of the Peace of said township. Renewed March 9, 1900. D. S. Carpenter, Justice of the Peace of said township." Endorsed on the back as follows: "Justice's Court, First Township, County of Contra Costa. S. Blum v. Lorin Brann. Execution. Filed

April 27th, 1900.   D. S. Carpenter, Justice of the Peace.
R. H. Latimer, Attorney.''

The court further found that the said execution was served
by levying the same on the land in question.   The regularity
of the service and of the subsequent sale under the execution
is not disputed, nor is the due issuance of a certificate of sale
to plaintiff drawn in question.   The court, as conclusion of
law, found ''that the title of the said defendant, A. E. Blum,
is superior to that of said Walter S. Brann,'' and the latter is
entitled to no relief in the action.   Judgment was entered ac-
cordingly.

Appellant's contention is, that the findings are not suffi-
cient to support the judgment, for the reason that the execu-
tion is void on its face, because,—1. It does not conform to the
requirements of section 902 of the Code of Civil Procedure,
in that there is an entire omission from the execution of the
township of the justice who rendered the judgment; 2. It
cannot be determined from the execution whether Blum's or
Brann's property is to be levied upon; 3. The execution was
issued with blanks, to be filled by another in violation, of
section 920 of the Code of Civil Procedure; and 4. The execu-
tion purports to be issued on a judgment rendered by a judi-
cial officer having no legal existence.

1. The attack on the writ here is collateral.   It is settled
that courts have the power to amend writs when defective or
irregular; and it is also settled that if the writ be amendable,
it will be accorded the same effect, with reference to acts done
in execution of it, as if it had been amended.   (*O'Donnell* v.
*Merguire*, 131 Cal. 527,[1] and authorities there cited.)   The
question then in this case is, as was the question in the case
just cited, whether the writ can be amended in the particular
pointed out.   If so, it cannot be regarded as void; otherwise,
it must be so regarded.   Appellant concedes that an error in
the writ in stating the amount of the judgment is amendable,
and so, also an error in stating the date of the judgment.   The
defect in the writ principally relied on is the alleged ''omis-
sion of the township of the justice who rendered the judg-
ment.''   Section 902 of the Code of Civil Procedure does not
provide a form of writ, but does provide that ''the execution

[1] 82 Am. St. Rep. 389.

must. be directed to the sheriff or to a constable of the county, and must be subscribed by the justice and bear date the day of its delivery to the officer. It must intelligently refer to the judgment, by stating the names of the parties, and the name of the justice before whom, and of the county and the township or city where, and the time when it was rendered; the amount of judgment, if it be for money; and if less than the whole is due, the true amount due thereon. It must contain, in like cases, similar directions to the sheriff or constable as are required by the provisions of title IX of part II of this code in an execution to the sheriff.''

It is claimed that there being no township named there is nothing by which the court can amend; and *Clark* v. *Miller*, 18 Barb. 269, is cited to the effect ''that where there is nothing to amend by the court has no power of amendment.'' *O'Donnell* v. *Merguire,* 131 Cal. 527,[1] and some other cases are also cited to the point that an omission of any of the parts of the form prescribed by the code makes the writ void. It is difficult, if not impracticable, to lay down a general rule by which in all cases the validity of an execution can be measured, and its qualities, as void or voidable, readily and accurately ascertained. (*Hunt* v. *Loucks,* 38 Cal. 372.[2]) In *O'Donnell* v. *Merguire,* 131 Cal. 527,[1] the writ was declared void because the person who issued it was not the clerk of the court. It was held ''that the subscription of the clerk is an essential part of the writ, without which there is no execution to be amended.'' Appellant claims that ''all the requirements of section 902 are peremptory, and must be complied with.'' Yet he concedes, and the cases cited hold, that the amount of the judgment stated in the writ may be amended; so also the date of the judgment. He concedes, *arguendo,* that if the writ had stated the township incorrectly as the fourth, it could be amended to show it was the first. In the case of *Hunt* v. *Loucks,* 38 Cal. 372,[2] Mr. Justice Sanderson said: ''Unless it appear that the judgment, execution and deed [certificate here] are links of the same chain, the title will fail. But a question of variance between them must not be confounded with the question of their validity. The two propositions are quite separate and distinct. The former is

---

[1] 99 Am. Dec. 404.         [2] 82 Am. St. Rep. 389.

a question of *identity only,* the latter assumes or concedes the identity and goes only to the validity of the suspected instrument." There can be no question here that the judgment referred to in the finding is the same judgment as that referred to in the writ, nor can there reasonably be suggested any doubt that the Orlando McCraney mentioned in the writ is the justice who rendered the judgment as justice of the peace of the justice court of first township of Contra Costa County referred to in the findings as such. The identity of the judgment referred to in the writ fully appears by the names of the parties to the action, by the date and amount of the judgment, which, being amendable, are, under the rule, deemed to be amended to conform to the truth; by the court itself; and by the justice which the findings show were the court and justice succeeded to by Justice of the Peace Carpenter. With all these proofs of identity of the judgment we are asked to hold the writ void because it failed to state the township, and this because it is claimed the omission cannot be supplied by amendment. I find no analogy between the case here and *O'Donnell* v. *Merguire,* where some person other than the clerk signed the writ, the result being that there was no writ to amend. Nor in the case cited from Barbour's reports, which was a writ issuing out of the supreme court on a judgment rendered in the court of common pleas, the court holding that there was no judgment on which execution could issue out of the supreme court, and therefore there was no execution to amend. Here it is stated in the writ that the "judgment was rendered before Orlando McCraney, Justice of the Peace of the County of Contra Costa." The writ does "intelligibly refer to the judgment by stating the names of the parties, and the name of the justice before whom and of the county . . . where, and the time when it was rendered," and "the amount of judgment," as required by section 902 of the Code of Civil Procedure. I do not think the rule should be so rigidly applied as to exclude proof of the township, for there is something to amend where the writ rightfully issues, as this one did, and where the name of the justice is given and the name of the county also appears "where . . . it [the judgment] was rendered." It is not the case "of the entire omission," as is claimed, of the place where the judgment was rendered.

2. This being so, and the writ being treated as amended in this particular (*O'Donnell* v. *Merguire,* 131 Cal. 527,[1]) it is not amenable to the further objection urged, that it "purports to be issued on a judgment rendered by a judicial officer having no legal existence."

3. As to the point that "it cannot be determined from the writ whether Blum's or Brann's property is to be levied upon," the answer is, that the writ shows on its face that the judgment was against Brann, and directed the constable to cause to be made by sale of the property "of said defendant," the amount of the judgment. It is reasonably clear that the property of Brann was meant to be sold. The constable would not levy on property of the person in whose favor the judgment was entered, and the writ shows that this person was Blum, and not Brann.

4. The point is made that there were blanks in the writ left "to be filled by another," which rendered it void. (Code Civ. Proc., sec. 920.) It does not appear that the blanks were left in the writ "to be filled by another" after it left the justice. We do not think it necessary to the valid execution of the writ that the blank after the word "defendant" should be filled; but if it should be, it may be done by way of amendment, and that would be done by the court, and not "filled by another" in the sense of the code. The code provision is intended to prevent persons other than the court from making changes in the writ.

5. It is further urged that the findings are insufficient because it nowhere appears from them that Lorin Brann, after summons was served on him, failed to appear in the action, or that judgment was rendered against him by default. Nor do the findings show that the case was ever set down for trial and Brann given notice thereof, as required by section 850 of the Code of Civil Procedure. (Citing *Jones* v. *Justice's Court,* 97 Cal. 523, and *Kane* v. *Desmond,* 63 Cal. 464, to the effect that the jurisdiction of a justice's court, being special and limited, the jurisdictional facts must be shown. To like effect, *Cardwell* v. *Sabichi,* 59 Cal. 490.) The finding is, that summons issued and was served on Brann by the constable of the township and "that afterwards—to wit, on March 26,

[1] 82 Am. St. Rep. 389.

1897,—by an order duly made and given, the said [naming the justice of the peace] duly rendered judgment against said Lorin Brann,'' etc. This is the finding of the superior court, in support of which it will be presumed that due proofs were made to that court. It could not have found as an ultimate fact that an order was ''duly given and made,'' under which the justice ''duly rendered judgment,'' without the evidence which appellant claims should have been recited in the findings. Assuming that the evidence was essential, we must presume that it was before the court.

We conclude that the findings support the judgment, and therefore advise its affirmance.

Gray, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.    McFarland, J., Henshaw, J., Lorigan, J.