[S. F. No. 3289. Department Two.—December 29, 1903.]

## J. H. BRUSH, Respondent, v. J. H. SMITH et al., Appellants.

JUDGMENT OF JUSTICE'S COURT—COLLATERAL ATTACK—INSUFFICIENT COMPLAINT—JURISDICTION—REMEDY BY APPEAL.—The judgment rendered in a justice's court, which had jurisdiction of the subject-matter of the action and of the person of the defendant, cannot be collaterally attacked as void merely because the complaint was insufficient to constitute a cause of action. The sufficiency of the complaint is not a conclusive test of the jurisdiction of the justice's court. It had jurisdiction to determine that question, and to determine it wrong as well as right, and if it committed error, and the complaint was fatally defective, the only remedy was by appeal.

ID.—VALIDITY OF EXECUTION—AMENDABILITY—REPLEVIN OF PROPERTY SEIZED—NOTICE TO SHERIFF.—In an action to recover the possession of property seized by the sheriff upon execution, where the plaintiff in such action merely notified the sheriff that the execution

was issued upon a void judgment, an objection to the validity of the execution merely because it recited that the judgment was recovered "in Justice John Brown's court," of a certain township and county, instead of "the justice's court" of such township, is merely technical, and not tenable. The writ was amendable in that respect, and will be accorded the same effect as to acts done under it as if it had been amended.

APPEAL from a judgment of the Superior Court of Sonoma County and from an order denying a new trial. S. K. Dougherty, Judge.

The facts are stated in the opinion.

R. W. Miller, J. A. Barham, and E. C. Barham, for Appellants.

The judgment of the justice was good on collateral attack, whether the complaint stated a cause of action or not. (Van Fleet on Collateral Attack, sec. 71; *In re James,* 99 Cal. 376;[1] *Dryden* v. *Parrote,* 61 Neb. 339; *Taylor* v. *Coats,* 32 Neb. 30;[2] *North Pacific Cycle Co.* v. *Thomas,* 26 Or. 381;[3] *Berry* v. *King,* 15 Or. 165; *Keybers* v. *McComber,* 67 Cal. 396-399; *Frankfurth* v. *Anderson,* 61 Wis. 107; *Head* v. *Daniels,* 38 Kan. 1; *Burke* v. *Interstate S. and L. Assn.,* 25 Mont. 315;[4] *Winningham* v. *Trueblood,* 149 Mo. 592; *Bitzen* v. *Merck,* 23 Ky. Law Rep. 670.) The execution was sufficient to protect the officer in executing it. (*Erskine* v. *Hohnbach,* 14 Wall. 616; *Norcross* v. *Nunan,* 61 Cal. 642; *Dusy* v. *Helm,* 59 Cal. 108; *Holdredge* v. *McCombs,* 8 Kan. App. 663.)

R. F. Crawford, and Thomas Rutledge, for Respondent.

The complaint in the justice's court was fatally defective, and did not authorize any judgment, and rendered the judgment void. There was nothing to adjudicate. (*Barron* v. *Frink,* 30 Cal. 486-489; 1 Black on Judgments, secs. 184, 242.) The execution was issued upon a void judgment, and out of the wrong court, and was not regular on its face, and therefore could not protect the officer. (Herman on Executions, sec. 65, p. 52.)

---

[1] 37 Am. St. Rep. 60.　　　[3] 46 Am. St. Rep. 636, and note.
[2] 29 Am. St. Rep. 426.　　　[4] 87 Am. St. Rep. 416.

COOPER, C.—This action was brought to recover the possession of certain cattle described in the complaint, or the value thereof in case a delivery cannot be had. The case was tried before the court and findings filed, upon which judgment was ordered and entered for plaintiff. Defendants prosecute this appeal from the judgment and an order denying their motion for a new trial. The facts are as follows: In September, 1899, defendant King commenced an action against the plaintiff in the justice court of Santa Rosa Township to recover the sum of $299.99, besides interest. The complaint in said case, after being properly entitled, alleged: "That on or about the nineteenth day of September, 1899, at Santa Rosa, California, the above-named defendant had and received of this plaintiff, to the use and benefit of the defendant the sum of $299.99 gold coin of the United States. That the defendant has not paid the same nor any part thereof. That said sum of $299.99 is due and remains wholly unpaid." Judgment was prayed for for said sum with interest.

A summons was duly issued by the said justice, and personally served upon the plaintiff (who was defendant in said action).

He made default, and thereupon judgment was duly entered against him for the amount claimed in the complaint. He then moved in said justice court to set aside the default judgment, and his motion was denied. He afterwards appealed from the said judgment to the superior court of Sonoma County, and the judgment rendered in the justice court was affirmed and became final. An abstract of the justice judgment was filed in the office of the county clerk of Sonoma County, and said judgment duly docketed therein. Plaintiff did not pay the judgment so docketed against him, and, at the request of defendant King, an execution was issued in January, 1901, and delivered to defendant Smith as sheriff of Mendocino County, with directions to levy upon the cattle described in the complaint in this case. The cattle belonged to plaintiff (defendant against whom the execution issued), and defendant Smith in his official capacity levied the said execution upon said cattle and sold them to satisfy the said judgment held by defendant King

against plaintiff. The taking was by virtue of the said execution, and not otherwise. The main contention of plaintiff, upon which the court below decided in his favor, is, that the judgment rendered in the justice court is void for the reason that the complaint therein does not state facts sufficient to constitute a cause of action. The complaint therein is claimed to be defective for the reason that the money is alleged to have been paid and received "to the use and benefit of the *defendant*" instead of plaintiff. If this were not clearly a clerical error, as the context of the complaint shows it to be, it would not avail the plaintiff herein. This is a collateral attack on the judgment in the justice court, and it is too well settled to need citation of authorities that a judgment cannot be collaterally attacked unless it is void. Of course, if it is void, it is in legal effect no judgment, and in such case an execution upon it would not vitalize it, and would be but waste paper. Such an execution would not protect defendant Smith if he had notice that the judgment was void, nor would it protect any one aiding and assisting him. A judgment is not void if the court has jurisdiction and power to grant the relief contained in the judgment. In this case it appears that the amount claimed in the justice court was less than three hundred dollars exclusive of interest, and the justice court therefore had jurisdiction of the subject-matter and power to enter judgment in such case. The summons was personally served upon the defendant in said action in the justice court, and the court thereafter had jurisdiction of his person. In fact, it is not seriously claimed that the justice court did not have jurisdiction of the subject-matter and of the defendant against whom the judgment was entered, but it is claimed that the complaint was wholly insufficient.

Whether the complaint states a cause of action or not was for the court of original jurisdiction to determine, and it was within the province of such court to allow the pleading to be amended. If the court below should hold a complaint sufficient, when as a matter of law it failed to state facts sufficient to constitute a cause of action, such ruling would be erroneous, but nevertheless the court had jurisdiction. It had jurisdiction to determine the question and to determine it

wrong as well as right. If it committed error, the remedy was by appeal. In this case the plaintiff did not appear in the justice court, although notified by the summons and complaint that if he did not do so, judgment would be taken against him for $299.99 and interest. If the complaint was fatally defective, he had his remedy by appeal. He did appeal, and the judgment of the justice court was affirmed by the superior court.

The sufficiency of the complaint is not a conclusive test of the jurisdiction of the justice court. (*Crane* v. *Cummings,* 137 Cal. 202; *In re James,* 99 Cal. 376;[1] *Dryden* v. *Parrote,* 61 .Neb. 339; *North Pacific Cycle Co.* v. *Thomas,* 26 Or. 381.[2]) In the latter case the correct rule is stated by Bean, C. J.: "If the object of a plaintiff can be ascertained from the allegations of his complaint, and the court has power to grant the relief demanded, and jurisdiction of the parties, the judgment is not vulnerable to a collateral attack, although the complaint may in fact be bad in substance."

The plaintiff now claims that the writ of execution was irregular and defective on its face, for the reason that it recites that judgment was recovered "in Justice John Brown's court of Santa Rosa Township, county of Sonoma," instead of reciting that it was recovered in the justice's court of Santa Rosa Township. If plaintiff could now raise such question when he failed to notify the sheriff of any such alleged defect, but notified him that the execution was issued upon a void judgment, we deem the objection too technical to merit discussion. The writ was certainly amendable in the respect pointed out, and in such case it will be accorded the same effect with reference to acts done in execution of it as if it had been amended. (*Brann* v. *Blum,* 138 Cal. 644; *O'Donnell* v. *Merguire,* 131 Cal. 527.[3])

It follows that the judgment and order should be reversed.

Haynes, C., and Smith, C., concurred.

For the reasons given in the foregoing opinion the. judgment and order are reversed.

McFarland, J., Lorigan, J., Henshaw, J.

[1] 37 Am. St. Rep. 60.        [3] 82 Am. St. Rep. 389.

[2] 46 Am. St. Rep. 636, and note.