[Civ. No. 1458.   Second Appellate District.—May 26, 1916.]

## JOHN EDWARD MORRIS, Appellant, v. JOY A. WINANS, Respondent.

SALE ON EXECUTION—VALIDITY OF—ERROR IN DATE OF JUDGMENT.—An
execution sale of real property is not void as against a purchaser
for value because the writ of execution misstated the date of the
judgment, stating the date of a first judgment, which was set aside
on appeal, instead of a second judgment, being in all other par-
ticulars regular and conforming to the second judgment, properly
stating the amount thereof.

ID.—AMENDMENT OF WRITS—POWER OF COURT.—The power of courts
to amend writs issuing from them, when defective or irregular, has
long been exercised, and in modern times with increasing frequency;
nor is it easy to prescribe definite limits to the power; and it is also
settled that, if the writ be amendable, it will be accorded the same
effect with reference to acts done in execution of it, as if it had
been amended.

ID.—VALIDITY OF EXECUTION.—If a writ of execution be merely erro-
neous—that is to say, voidable—a sale under it to a *bona fide* pur-
chaser will be valid, although the execution be afterward set aside;
but if the execution be irregular—that is to say, void—a sale under
it, even to a *bona fide* purchaser, will also be void.

ID.—CERTIFICATE OF SALE—VALIDITY OF.—Where a certificate of sale
by the sheriff under execution declares that he offered the prop-
erty for a certain sum, although the provisions of the code regu-
lating the matter of execution sales require the sheriff to offer the

property to the highest bidder at public auction, this will not invalidate the sale where it appears upon an examination of the whole document that there are ample recitals to the effect that the property was sold at public auction in accordance with the statute, and that the purchaser was the highest bidder.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Frank R. Willis, Judge.

The facts are stated in the opinion of the court.

Hancock & Lawrence, for Appellant.

Haas & Dunnigan, for Respondent.

JAMES, J.—Appeal from a judgment adverse to the plaintiff, and from an order denying his motion for a new trial.

The defendant was the purchaser at sheriff's sale of certain real property described in plaintiff's complaint. A certificate of sale and a deed were issued to him in due course. The plaintiff was the defendant in the action upon the judgment in which the execution was issued. The first judgment entered in that action was vacated on appeal, and upon a trial being had after reversal, the final judgment was entered, which was one for restitution of premises and costs. The judgment which was set aside on appeal was for restitution and possession of premises, and the sum of $11.75, costs. The final judgment as entered thereafter was for the sum of one hundred dollars damages, and $89.62, costs. Through error the writ of execution in describing the judgment upon which it was issued referred to the date of the first judgment instead of the last, but in all other particulars was regular and conformed to the second judgment, properly stating the amount thereof, etc. No motion was made to set aside the execution because of any irregularity, and the certificate of sale was issued in December, 1908. This action was commenced in October, 1910, the prayer being that the plaintiff have judgment declaring null and void the sheriff's certificate and deed.

It is claimed, first, that the execution sale was void because in the writ the date of the entry of judgment was misstated in that the date given was that of the first judgment which had

been set aside, and not of the last and final judgment in the action. If this irregularity rendered the writ entirely void, plaintiff was entitled to relief; otherwise not. If the writ was merely irregular and subject to an amendment, the plaintiff cannot attack it in this way as against the defendant, a purchaser for value. In the case of *O'Donnell* v. *Merguire*, 131 Cal. 527, [82 Am. St. Rep. 389, 63 Pac. 84], in considering the power of a court to amend writs, it is said: "The power of courts to amend writs issuing from them, when defective or irregular, has long been exercised, and in modern times with increasing frequency; nor is it easy to prescribe definite limits to the power (1 Freeman on Executions, sec. 63); and it is also settled that, if the writ be amendable, it will be accorded the same effect with reference to acts done in execution of it, as if it had been amended. (1 Freeman on Executions, sec. 71b; *Hunt* v. *Loucks*, 38 Cal. 372, 374, [99 Am. Dec. 404].)" In *Hunt* v. *Loucks*, cited by the court in the last-mentioned case, we find this expression of the established rule: "That, as a general rule, an execution must follow the judgment, and conform to it, and that if it varies materially from it, it will be set aside, or quashed, or amended, as the case may be, upon the motion of the parties to it, who are prejudiced by the error, is undoubtedly true, as appears by the cases cited by counsel. . . . We understand the settled rule to be that if the execution be merely *erroneous*—that is to say, *voidable*—a sale under it to a *bona fide* purchaser will be valid, although the execution be afterwards set aside; but if the execution be *irregular*—that is to say, *void*—a sale under it, even to a *bona fide* purchaser, will also be void."

In the same case the court, speaking to the question of a voidable execution as distinguished from a void one, says: "Nor if B, who is bound to know of the variance between the judgment and the execution, does not interpose by motion for its correction, ought he to be allowed to question the title of a purchaser under it—it may be years afterward? He has a remedy by motion to amend, or by action to recover the excess of the levy from the plaintiff in the execution, and the clerk, also; besides, with full knowledge of all defects, he has allowed the sheriff, acting as his agent in the matter, to sell, and the purchaser to buy, without opening his lips, and in all fairness and justice to the latter, he must keep them closed forever" (citing cases). The execution in this case

was defective only in that the date of the entry of judgment was misstated; there was an existing valid judgment against the defendant at the time of its issuance, and the amount of that judgment was correctly stated in the writ; there was only one existing judgment and that judgment would appear by an·inspection of the record, for the reference as given in the writ referred to and identified the case in which the final judgment had been entered; it was the same case in which the first judgment, entered as of the date mentioned in the execution, had been made and afterward vacated on appeal. In *Franklin* v. *Merida,* 50 Cal. 289, that being a case where the execution erroneously recited the date of the judgment, the court said: "Nor was there any necessity to amend the writ of execution, for though it erroneously recited that the judgment had been rendered on the first day of October, 1874, still it otherwise correctly referred to the judgment in such a manner as to identify it." *Van Cleave* v. *Bucher,* 79 Cal. 600, [21 Pac. 954], was a case wherein the writ of execution did not correctly state the amount of the judgment. The court there said: "If amendable, the writ was not void, but only voidable, and should have been served and returned by the sheriff. (Freeman on Executions, sec. 103; *Hibberd* v. *Smith,* 50 Cal. 511.)" In *Sprott* v. *Reid,* an Iowa case, reported in 3 G. Greene, 489, [56 Am. Dec. 549], a similar question was considered and the court declared its conclusion as follows: "The variance between the date of the judgment and the date as recited in the execution is urged as sufficient to invalidate the sale. It is true, as a general rule, that the execution must pursue and be warranted by the judgment. But the variance complained of in this instance is one that might have been amended. It is one of those irregularities which should be regarded as voidable only, and we consider it not enough to invalidate the sale in a collateral proceeding like the present. The execution so describes and identifies the judgment as to render certain the authority upon which it issued, and that was sufficient to invest the sheriff with power to sell."

As a ground for further objection, it is said that in the certificate of sale the sheriff declared that he had offered the property for the sum of $236.55; that under the provisions of the code regulating the matter of execution sales the sheriff was required to offer the property to the highest bidder at

public auction. (Code Civ. Proc., sec. 694.) It is true that the certificate of sale issued by the sheriff did contain an expression such as that described; but upon an examination of the whole document as it is set out by copy in the transcript, we find ample recitals to the effect that the property was sold at public auction in accordance with the statute, and that Winans was the purchaser and highest bidder.

We find no error in the judgment and no sufficient reason why the order denying a new trial should be disturbed.

The judgment and order are affirmed.

Conrey, P. J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 24, 1916.