# ELI MAYO *v.* AH LOY, AND THEODORE LE ROY AND L. LEHMAN, INTERVENORS.

STREET ASSESSMENTS IN SACRAMENTO.—Street assessments in Sacramento are required to be levied and collected as provided in the general revenue laws of the State.

IDEM.—Assessments for improvement of streets in Sacramento are required to be listed to the owner, if known; if not known, to him as "unknown owner."

IDEM.—If such assessment is not paid, the District Attorney must sue the person assessed, the real estate, and "all owners and claimants" to the same.

CONCLUSIVENESS OF JUDGMENT FOR TAXES.—When such assessment is thus made and the suit is thus brought, and the summons is properly served, the judgment when rendered is conclusive and binding upon all the world.

JUDGMENTS FOR TAXES.—Upon the question whether a judgment is merely voidable or absolutely void, there is no distinction between judgments for taxes and judgments for other causes of action.

VOIDABLE JUDGMENT FOR TAXES.—Although property on I street cannot be lawfully taxed for improvements on J street, yet if it is done, and suit is brought and service of process obtained and judgment rendered as required by law, the judgment is not void, but only erroneous and liable to be reversed on appeal.

VOID JUDGMENT FOR TAXES.—If the owner of the property assessed for street improvements in Sacramento is not made a party to a suit to collect the same, and the action is not brought against "all owners and claimants," and service is not made on the real estate, the judgment is void.

APPEAL from the District Court, Sixth Judicial District, Sacramento County.

The east half of the west half of Lot Three in the block between Second and Third and I and J streets, Sacramento, was assessed to F. LeRoy in 1864, for grading I street from Front to Sixth. The lot assessed fronted on I street, and was the property of Theodore LeRoy. The tax was returned as delinquent. The District Attorney brought an action against "F. LeRoy Coe 1847, John Doe, and the said real estate," to recover judgment for the tax. In the complaint the District Attorney inadvertently alleged that the tax was levied for the improvement of J street instead of I. The summons was entitled "*The People, etc., v. Doe 1847, F. LeRoy, John Doe, Richard Roe, and the said real estate, as defendants*," and was addressed to said defendants. Judgment was rendered by default, and the proper process having been issued the Sheriff sold the property to Eli Mayo in June, 1865, and no redemption having been made, executed to him a deed.

Mayo, on the 10th day of January, 1866, petitioned said Court for a writ of assistance to be placed in possession of the property. The petition set forth that Ah Loy and others were in possession. LeRoy and Lehman were allowed to intervene. The Court below made an order denying the writ of assistance, and the petitioner appealed.

The other facts are stated in the opinion of the Court.

*Robinson & Dunlap*, for Appellant.

If the Court below had jurisdiction of the subject matter of the original tax suits, then we contend that the judgment and decree entered therein was conclusive of the rights of all owners and claimants of the said premises and of the said real estate; and that the Court below could not in this proceeding go behind that judgment and decree to inquire into the legality thereof, or the errors therein; but that judgment was and is conclusive of the matters therein found. The general rule applicable to all judgments is, that they cannot be impeached in a collateral action for error and irregularity. (*Rowley* v. *Howard*, 23 Cal. 404.) When a Court has jurisdiction it has a right to decide every question which occurs in the cause, and whether its decision be correct or otherwise its judgments until reversed are considered as binding. (*Elliott* v. *Piersol*, 1 Peters, 340; *The Chemung Canal Bank* v. *Judson*, 4 Selden, 259.)

*H. H. Hartley*, for Respondent.

There is a material difference between void and voidable judgments. If a judgment is only voidable, its defects cannot be inquired into in a collateral proceeding, but if void it may be entirely disregarded and treated as a nullity. This rule, and the distinctions arising under it, are too familiar to need comment, and are only alluded to for other purposes. In a proceeding against property for the collection of taxes, each act required by the statute to be performed is necessary to be done to give the Court jurisdiction. If there has been no

order for the assessment, or valid assessment, or if the require-
ments of the statute have not been fulfilled, then all the pro-
ceedings are void for the want of such essential requirements.
And so with every step necessary to link the chain of title of
the proprietor to that of the purchaser under the tax deed,
each requirement of the law being a link in the chain of title.
The complaint which was the basis of the action demanded of
the real estate, which was on I street, to answer the plaintiff's
claim for the improvement of J street, and that in default of
payment it would be sold to pay the same. Now the sum-
mons and printed notice referred to the complaint and did not
state it differently. The real estate could not by law be
bound for such a payment, and the owner, if he saw the sum-
mons and went to the complaint, could also only have learned
from it that the real estate could not be liable for such a tax.
The Court could only by its judgment direct the sale of prop-
erty on I street for the improvement of I street, and not for
the improvement of J street.

By the Court, SANDERSON, J.:

The charter of the City of Sacramento provides that street
assessments shall be levied and collected as provided in the
general revenue laws of the State. (Statutes of 1863, p. 415,
Sections 49 and 57.)

The general revenue Act of 1861, (statutes of 1861, pp. 425,
432) provides that real estate shall be listed to the owner, if
known; if not known, to him as " unknown owner." If not
paid, the assessment roll passes into the hands of the District
Attorney, who is authorized and directed to sue the person
assessed, the real estate and " all owners and claimants to the
same, known or unknown." (Sec. 39.) Process is to be
served upon the real estate, the owner and " all owners and
claimants," in the manner therein provided. This being done
the Court acquires jurisdiction over the persons of all owners
and claimants, known or unknown, and the subject matter.
Such being the case, the judgment when rendered, is conclu-

sive and binding upon all the world until reversed on appeal or set aside by some direct proceeding brought for that purpose.

Upon the question whether a judgment is merely voidable, or absolutely void, there is no distinction between judgments for taxes and judgments for other causes of action. A judgment is never absolutely void if the Court had jurisdiction of the subject matter and the person of the defendant, however erroneous it may be. Undoubtedly property on I street cannot lawfully be taxed for the improvement of J street; yet if it should be done, and suit should be brought and service of process obtained in the manner provided by law, and a judgment finally rendered against the real estate and all owners and claimants, such judgment would not be absolutely void, for the Court would have had jurisdiction to determine that question, and by the conditions would have had jurisdiction of all persons interested in the estate. Such a judgment would be erroneous and would be reversed, on appeal, but valid and binding until reversed on appeal, or set aside by some other appropriate remedy. It follows that the mistake of the District Attorney in writing J instead of I in the body of the complaint does not render the judgment void.

The judgment roll in the tax suit has not been brought up, and we are, therefore, unable to determine for ourselves whether the Court obtained jurisdiction or not. But the Court below finds certain facts from which it appears that the judgment is absolutely void for the want of jurisdiction, over the person of Theodore Le Roy, and over the real estate, also. Theodore Le Roy was not made a party by name, nor was the action brought against "all owners and claimants." No service was ever made upon him personally or by publication, nor was service made upon his tenants, or any of them, in occupation of the premises, which last must be done in order to make service upon the real estate. (Sec. 41.) Such being the case, the Court neither acquired jurisdiction over the person of Theodore Le Roy nor over the real estate.

Order affirmed.

Neither Mr. Justice RHODES nor Mr. Justice SHAFTER expressed any opinion.