(July 25, 1894.)

## CAMPBELL v. COMMISSIONERS OF LOGAN COUNTY.

[37 Pac. 329.]

COMPENSATION OF SHERIFFS.—Sheriffs are not entitled to compensation for attending upon the district or any other courts of this state.

MINIMUM COMPENSATION OF COUNTY OFFICERS.—In case the fees and commissions received in any one year by the officers named in section 7, article 18 of the constitution shall not amount to the minimum compensation therein provided, they are entitled to receive from the county a sum sufficient to make their annual compensation equal to such minimum; and it is the duty of the board of commissioners to order a warrant drawn for such amount, in favor of the officers so entitled.

APPLICATION FOR COMPENSATION MUST BE ACCOMPANIED WITH DETAIL STATEMENT.—Officers applying to the board of commissioners for an allowance to make up the minimum compensation provided by the constitution should accompany such application with a detail statement, under oath, of all the fees and commissions earned by them during the year.

(Syllabus by the court.)

Heard upon writ of error.

H. S. Hampton, for Plaintiff in Error.

Selden B. Kingsbury, for Defendant in Error.

No briefs found on file.

HUSTON, C. J.—The defendant in error, as sheriff of Logan county, presented to the board of commissioners of said county his claim for the sum of $390.88, claimed to be due to him from said county under the provisions of the constitution and the statutes of Idaho. The constitution of the state of Idaho provides (article 18, section 7) that the sheriff shall receive, as compensation for his services, "not more than $4,000, and not less than $1,000; together with such mileage as may be prescribed by law"; and by section 8 of said article it is provided that "in case the fees received in any one year by any such officer [including sheriff] shall not amount to the

minimum compensation per annum, therein provided, he shall be paid by the county a sum sufficient to make his aggregate annual compensation equal to such minimum compensation." The sheriffs may, under the provisions of section 6, article 18, "appoint such deputies and clerical assistants as the business of their offices may require; said deputies and clerical assistants to receive such compensation as may be fixed by the county commissioners." "The compensation of the sheriff and the other officers provided for in section 7 of said article 18 shall be paid by fees or commissions or both as provided by law." By the provisions of the act of the first session of the state legislature (Acts Leg. 1890-91) the fees of the sheriff are fixed for the various services to be by him performed. That act provides no compensation for attendance upon the district or any other courts, and no charge for such services are allowable against the county. (See the decision of this court in *Eakin v. Nez Perces Co.* (decided at this term), ante, p. 131, 36 Pac. 702.)

The defendant in error duly presented his bill for services as sheriff of Logan county for the year 1893 to the board of county commissioners, which is as follows:

"Logan County, Idaho, to J. P. Campbell, Sheriff of Logan County, Dr.:
To difference between $1,000, the amount provided
    that the sheriff must be paid, and the earnings for
    the said office for the year 1892:

Minimum provided ............ ................. $1,000.00
Earnings for 1892 ......... ..................... 609.12
                                                  ─────────
    Leaving a balance due me.................. $ 390.88
Which account was duly verified."

The board of commissioners disallowed the above bill. The sheriff (defendant in error in this court) appealed from the order of the commissioners, disallowing said bill, to the district court, which court reversed the action of the commissioners, and directed them to allow the bill. For alleged error in the action of the district court, in ordering the allowance of said

bill, this case is brought to this court for review by writ of error.

The first error assigned is that the annual report of the sheriff is not such a report as is required by law, as it only states the aggregate amount of the earnings of said sheriff's office, and from which the board could not determine what amount, if anything, was due to make up his minimum compensation. We are constrained to say the report is not such a one as should be submitted to the board by an officer claiming a balance due to make up his minimum compensation, nor is it verified in as exact and apt terms as might be desired. It states, however, that it is "just and true." The purpose of such report was evidently intended as evidence upon which the board were to determine how much was justly due the officer, to make up his minimum compensation allowed him by the constitution; and therefore it should be a detailed statement of all the fees and commissions the officer earned during the year, and the verification should be so worded as to verify that fact, but the law does not require such statement or report, in terms. (See Rev. Stats., sec. 2161, subsec. 10, as amended in 1st Sess. Laws, p. 180.) Taking the verified bill of the sheriff, as disclosed in the record, with his report submitted to the board, we think there was sufficient to enable the board to determine what the officer claimed; and if they were not satisfied they should have notified the officer to furnish further evidence to substantiate his claim, which no doubt would have been cheerfully complied with, and the burden of this litigation avoided.

The second assignment of error, that the court erred in giving judgment in favor of appellant for $390.88, for the reason that the said appellant had already received $113 of said $390.88, as shown by his report, is not true, and is not borne out by the record presented to this court.

Taking the most favorable view of the case made by the attorney for the board of commissioners, we are at a loss to account for their arbitrary action in disallowing the whole claim of said sheriff, with the law so plainly before them pertaining to their duties in such cases. (See Idaho Rev. Stats., sec.

1775.) It is true that the charge of the sheriff for attendance on the district, probate or justice's court is illegal, and so held by this court at this term in the case of *Eakin v. Nez Perces County;* and if the sheriff did in fact receive $113 or any part thereof, from the county, so much as he did receive should be deducted from his claim of $390.88. Whether he did so receive it was a fact wholly within the knowledge of the commissioners, as he only could receive it by their order, upon their allowing his claim for such charge, and directing a warrant to issue therefor, which would be a matter of record in their own court. In view of the foregoing the district court is directed to ascertain whether or not the said sheriff has been allowed by the board of commissioners of Logan county, and a county warrant issued to him therefor, for attendance upon the district, probate or justices' court, and if so to deduct such amount from his said claim of $390.88, and order the board of county commissioners of Logan county to allow the balance, and direct a warrant to issue in favor of said sheriff for said amount. The cause is remanded to the district court for further proceedings in accordance with this opinion. Costs awarded to defendant in error.

Morgan and Sullivan, JJ., concur.