[S. F. No. 742.   Department Two.—December 27, 1898.]

CARL BERNHEIM et al., Respondents, v. M. CERF, Appellant.

FORECLOSURE OF MORTGAGE—ANSWER INADVERTENTLY STRICKEN OUT—VACATION OF DECREE AND SALE—MOTION OF PLAINTIFF.—In an action to foreclose a mortgage, where the complaint was unverified, and a general denial in the answer was inadvertently stricken out by the court, on motion of plaintiff, the defendant not having appeared at the trial, the plaintiff upon discovery of the error after decree in his favor and sale made thereunder, is entitled to move to vacate the decree and sale under section 473 of the Code of Civil Procedure, and to have the cause restored to the calendar for trial, and he is not bound to move for a new trial. The aid of that section may be invoked, upon timely application, by one in whose favor the judgment was rendered, though he was present at the trial; and the allowance of the application of the plaintiff prejudiced no rights of the defendant.

APPEAL from an order of the Superior Court of Santa Cruz County vacating a judgment.   J. H. Logan, Judge.

The facts are stated in the opinion of the court.

J. J. Bart, for Appellant.

Spalsbury & Burke, for Respondents.

HENSHAW, J.—Plaintiffs brought their action to foreclose a mortgage upon realty executed to them by the defendant Cerf. The complaint was unverified. The defendant filed an unverified answer. At the trial defendant did not appear. Plaintiff's attorneys moved the court to strike the answer from the files for lack of verification, upon the somewhat negligent assumption that the complaint was a verified pleading. The motion was inadvertently granted by the court. A decree for plaintiffs was given upon May 26, 1896. The property was sold upon June 24, 1896, and was bought by plaintiffs. After this the discovery was made that the answer had been improperly stricken from the files, and upon July 6, 1896, plaintiffs moved the court to vacate the judgment, reinstate the answer and restore the cause to the calendar for trial. The motion was granted and Cerf appeals.

His contention is, that as plaintiffs were present at the trial and induced the error, their remedy was not under section 473 of the Code of Civil Procedure, but by motion for a new trial. In this, however, he is mistaken.

The course pursued by respondents was the appropriate one. "Courts of equity are ever ready to relieve from sales made upon their decrees, where there has been irregularity in the proceedings, . . . . provided application be made to them in the suits in which such decrees are entered, within a reasonable time, and the relief sought will not operate to the prejudice of the just rights of others." (*Goodenow v. Ewer,* 16 Cal. 461; 76 Am. Dec. 540.) Section 473 of the Code of Civil Procedure is in recognition of this equitable principle. Its aid may be invoked by one in whose favor the judgment is rendered, even though he was present at the trial. (*Brackett v. Banegas,* 99 Cal. 623.) In this case the injury worked by the inadvertent order of the court striking out defendant's answer is apparent. The application for relief was timely made. Its allowance did not prejudice any of defendant's just rights.

The order appealed from is affirmed.

Temple, J., and McFarland, J., concurred.