'(June 8, 1901.)'

## PEASE v. COUNTY OF KOOTENAI.

[65 Pac. 432.]

AFFIDAVIT OF MERITS—DEFAULT JUDGMENT—INSUFFICIENT COMPLAINT—DISCRETION OF COURT.—An affidavit of merits is not indispensable under our statute to warrant the trial court in setting aside a default judgment entered by the clerk, where it is apparent that the complaint does not state a cause of action. This court will not disturb the action of the trial court in the exercise of its discretion, unless it is apparent there has been an abuse of such discretion.

(Syllabus by the court.)

APPEAL from District Court, Kootenai County.

Charles L. Heitman, for Appellants.

There is hardly a case where judgment of default has been entered, in which grounds equally forcible for opening the same might not be presented. (*Elliott v. Shaw*, 16 Cal. 378.) In the case of *Shearman v. Jorgensen*, 106 Cal. 485, 39 Pac. 863, the defendant relied upon "inadvertence" as his excuse for not having filed his answer in time, and in his affidavit he stated merely that the failure to file the answer was "through inadvertence upon his part." The court says that something more than a general statement of "inadvertence" (surprise, mistake or excusable neglect) must be shown. The reasons and the causes and the excuses for the inadvertence are the matters which concern the court, and these are not stated. It is well settled that in such cases the party seeking the relief must make and present to the court an affidavit of merits, or prepare and present to the court an answer setting up a meritorious defense, but in the case at bar no attempt was made to present an affidavit of merits or an answer. (*Bailey v. Taffe*, 29 Cal. 422; *Providence Tool Co. v. Prader*, 32 Cal.

635, 91 Am. Dec. 598; *Parrott v. Den,* 34 Cal. 79; *Reese v. Mahoney,* 21 Cal. 306; *Butler v. Mitchell,* 15 Wis. 389; 1 Black on Judgments, sec. 347; *Holland Bank v. Lieuallen,* 6 Idaho, 127, 53 Pac. 398.) If the court is satisfied beyond a reasonable doubt that the court below has come to an erroneous conclusion, the party complaining of the error is as much entitled to a reversal in a case like the present as in any other. Although, as a general rule, an applicant for relief against a judgment by default is addressed to the discretion of the court, yet if there be no showing there is no room for the exercise of such discretion and an order opening the default will be reversed. (Hayne on New Trial and Appeal, sec. 346, and cases cited.) Appellants further contend that the court erred in not imposing terms as a condition procedent to vacating said judgment. Section 4229, Revised Statutes of Idaho, is applicable to this case. (*Bailey v. Taaffe,* 29 Cal. 422; *Howe v. Mining Co.,* 29 Cal. 72; *Roland v. Kreyenhagen,* 18 Cal. 455; *Leet v. Grants,* 36 Cal. 289; *Heermarr v. Sawyer,* 48 Cal. 563; *Erpenbach v. Railway Co.,* 8 S. Dak. 575, 67 N. W. 606.)

Edwin McBee, for Respondent.

It is true that ordinarily an affidavit of merits is required and that a technical defense will not be considered, but it is also true that at all times and all places—even from an appeal on a judgment by default—will the appellate court consider as to whether or not the complaint states facts sufficient to constitute a cause of action. (See *Bagley v. Cohen,* 121 Cal. 604, 53 Pac. 1117.) Where the complaint shows no legal cause of action, a judgment by default can no more be taken than it can be over a general demurrer. (*Abbe v. Marr,* 14 Cal. 212; *Hallock v. Jaudin,* 34 Cal. 167.) The complaint in this action does not state facts sufficient to constitute a cause of action. In this complaint a husband and wife join in an action for salary due the husband. This is community property. It would be community property even if it were the salary of the wife. (*Barrett v. Tewksbury,* 18 Cal. 335; *Moseley v. Heney,* 66 Cal. 478, 6 Pac. 134; Idaho Rev. Stats., secs. 2497, 2498, 2505; *Mott v. Smith* 16 Cal. 534, 558; 6 Am. & Eng. Ency. of Law, 2d ed., 311, and cases cited.). The hus-

band has entire control of the community property and he alone can sue. (10 Ency. of Pl. & Pr., and cases cited.) The commissioners were compelled to reject the bill. It could not be allowed by them, and until a claim was presented to the commissioners and by them disallowed no suit could be brought thereon. This court in *Clyne v. Bingham,* ante, p. 75, 60 Pac. 76, goes at length into the requirements of presenting a claim to the commissioners and this case is authority on the case now before the court. (*Campbell v. Board of Commrs. of Logan County,* 4 Idaho, 181, 37 Pac. 329.) No imposition of terms was made by the court as a condition precedent to setting aside said judgment. Terms are ordinarily imposed, but I submit that it is within the discretion of the court below as to whether any will be imposed. (*Watson v. San Francisco etc. R. R. Co.,* 41 Cal. 17, 20, 21; *Nicoll v. Weldon,* 130 Cal. 666, 63 Pac. 63; *Buel v. Emrich,* 85 Cal. 116, 24 Pac. 644; *Harbough ·v. Water Co.,* 109 Cal. 70, 1 Pac. 792; *Melde v. Reynolds,* 120 Cal. 234, 52 Pac. 491.)

STOCKSLAGER, J.—This is an appeal from an order of the district court of Kootenai county vacating and setting aside a judgment rendered and entered by default on the twenty-third day of August, 1900. The record discloses that the plaintiffs, as husband and wife, on the twenty-seventh day of March, 1900, filed their complaint against defendant, claiming that they were entitled to recover from said county the sum of $1,533.04, balance due for the services of George H. Pease as sheriff of said county for the years 1897-98. On the twenty-third day of July a default was entered, and on the same day judgment in favor of the plaintiffs was entered for amount as claimed in the complaint. Thereafter, and on the twenty-eighth day of July, 1900, John B. Goode, the county attorney of said Kootenai county, served notice on counsel for plaintiffs that on the twenty-second day of August, 1900, or as soon as he could be heard at a special term of the district court to be held in said county, he would move the court to set aside the default judgment entered in said cause. This notice further informed counsel for plaintiffs that said motion would be made upon the records and files in said case and upon an

affidavit of John B. Goode, a copy of such affidavit being attached to the notice. On the twenty-seventh day of July said affidavit was filed with the clerk of said court, and at the same time a demurrer was filed to the complaint in said cause, objecting to all the demands of the plaintiffs for relief as set out in their complaint. On the twenty-third day of August this motion was heard, counsel appearing for both parties to the action, and on the same day the court made an order setting aside said judgment. Counsel for plaintiffs complains of this action of the district court, and brings it here for review.

The affidavit of counsel for the defendant county, served with his notice to move to set aside the default judgment,. among other things says: That either through mistake, inadvertence, or neglect he failed to plead by way of either answer or demurrer to the complaint herein on or before the twenty-third day. of July, 1900, upon which last-named date the plaintiffs, by their attorney, filed a præcipe for a default, and that thereupon, on the same day, the clerk of said court entered a judgment by default against defendant; that he failed to file any pleading before said last-named date for the reason that he was under the impression that the time for filing the same had been extended by consent for ninety days from the last term of the court, which said period would not have expired before the twenty-eighth day of July; that he has this day (July 27, 1900) placed in the hands of the sheriff of Kootenai county a copy of a demurrer for service upon plaintiffs or their attorney. Counsel for appellants alleges the following. errors: 1. No showing of mistake, inadvertence, surprise, or excusable neglect was shown by the defendant's attorney. 2. No affidavit of merits was filed by the defendant or on defendant's behalf, and no answer showing a meritorious defense was filed or offered to be filed. 3. No imposition of terms was made by the court as a condition precedent to setting aside said judgment, as required by statute. 4. The court abused its discretion in setting aside said judgment upon the showing to be made. 5. The court made no findings of fact.

That the trial court is clothed with large discretionary powers in cases of the character before us for review is not con-

troverted by counsel for appellants, and it is only where it is plainly apparent from the record that the court has abused this discretion that the appellate court will disturb the action of the lower court. The notice served upon counsel for appellants says the motion to set aside the judgment will be made upon the pleadings, files, etc., in the case, together with the affidavit of John B. Goode, county attorney of defendant county. The record shows that on the hearing of said motion the entire record was considered by the court. If it occurred to the learned judge that the complaint did not state a cause of action (as we presume it did) against the defendant, and that the demurrer then on file would have to be sustained, or, if filed in time, would have been sustained, and no judgment entered in favor of the plaintiffs, can it be contended that he abused his discretion? We think the discretionary power granted him is for the purpose of seeing that all parties have equal and exact justice. It is not for this court to say whether the complaint was sufficient or not; but it was a part of the duty of the trial court on this motion to take the sufficiency of the complaint into consideration, and, if he believed it insufficient to warrant a recovery, it was his duty to, and undoubtedly he did, consider it in passing upon the motion. Judgments of the character of the one under consideration are entered up by the clerk, the judge of the court knowing nothing of the pleadings or facts, unless called to his attention by a motion to vacate the judgment, or some other pleading striking at the validity of the judgment. If there are any class of cases in which the trial court should not be hampered in the exercise of its discretion, it is the kind under consideration.

Counsel urges that there was "no affidavit of merits filed, and no answer showing a meritorious defense was filed or offered to be filed." He does not call our attention to a statutory provision requiring either, and there is no merit in this contention. If the complaint does not state a cause of action, a demurrer is sufficient; and of what the conclusions of the trial court were on this question when this motion was before it we are not informed. He next says: "No imposition of terms was made by the court as a condition precedent to setting

aside said judgment, as required by statute." This was also discretionary with the court. He complains that "no findings were made by the court." We do not think it necessary. If he thought the showing was sufficient, and that in the further-ance of justice the judgment should be set aside, that was enough, and no findings were necessary. The judgment of the lower court is affirmed.

Sullivan, J., concurs.

QUARLES, C. J., Concurring.—The conclusion reached is correct. The ordinary rules requiring an affidavit of merits to accompany an application to set aside a judgment entered upon default by the clerk do not apply to a case where the com-plaint does not state a cause of action. The complaint in this action was insufficient, in that it failed to state that the item-ized statement presented to the board of commissioners, show-ing the fees received by the plaintiff sheriff, was verified by him. (See *Campbell v. Board,* 4 Idaho, 181, 37 Pac. 329.) It should be verified by the officer himself. The complaint should have alleged that the plaintiff officer was not in arrears as to public funds collected by him, as without such showing the board of commissioners could not, under section 1771 of the Revised Statutes, allow him the claim, or any part thereof, sued on; nor could he, in the absence of such showing, recover judgment therefor. The complaint must allege the facts necessary to be proven.