[Civ. No. 618.  Second Appellate District.—April 28, 1909.]

FRANK LEMON, Respondent, v. J. E. HUBBARD et al., Defendants; THE HOLT MANUFACTURING COMPANY, a Corporation, Appellant.

LIENS UPON THRESHING-MACHINE—COMPLAINT—DEFECTIVE COUNTS FOR ASSIGNORS—DEFAULT JUDGMENT—VACATION FOR PLAINTIFF'S EXCUSABLE NEGLECT—LEAVE TO AMEND.—In an action by plaintiff to enforce liens for himself and thirteen assignors upon a threshing-machine, when the complaint stated a full cause of action for the enforcement of plaintiff's lien thereupon, but was defective in its counts as to his assignors, in not specifically averring that the work or labor of each was performed in, with, about or upon the threshing-machine, and a judgment was taken by default in favor of each, the court had jurisdiction to grant a motion by plaintiff upon a showing of excusable neglect, under section 473 of the Code of Civil Procedure, to vacate the default judgment, and allow the plaintiff to amend the complaint to supply all defects therein, as to each of his assignors.

ID.—CAUSE OF ACTION ATTEMPTED TO BE STATED—JUDGMENT NOT VOID—JURISDICTION OF COURT.—When the original complaint clearly showed the intention of plaintiff to assert a lien upon the harvester in favor of each of his assignors, for all the work and labor alleged to have been done, and it cannot be said that no cause of action was attempted to be stated in favor of the assignors, the judgment in plaintiff's favor in respect thereto is not void, as it affirmatively appears that the court had jurisdiction of the subject matter of the action and of the persons of defendants, and the relief was such as was demanded in the complaint and specified in the summons.

ID.—RELIEF FROM ERROR.—Any error upon the part of the court in rendering judgment directing a sale of the threshing-machine in the absence of proper averments in certain causes of action, or in

rendering a judgment within the amount claimed, in excess of the amount found due upon the plaintiff's first cause of action, could only be corrected upon appeal, or upon a proper showing by motions made within the time limited by section 473 of the Code of Civil Procedure.

ID.—RIGHT OF PLAINTIFF TO OBTAIN RELIEF BY MOTION.—The plaintiff, as well as a defendant, may invoke the relief by motion provided in section 473 of the Code of Civil Procedure.

ID.—LIBERAL CONSTRUCTION OF CODE—DISCRETION OF COURT.—Section 473 of the Code of Civil Procedure is to be liberally construed; and the granting of relief thereunder is largely within the discretion of the court.

ID.—EFFECT OF ORDER VACATING JUDGMENT—REVERSAL FOR ERROR IN INCOMPLETENESS OF COMPLAINT—ALLOWANCE OF AMENDMENT.— The effect of the order vacating the judgment under section 473 of the Code of Civil Procedure was only such relief as could have been obtained by a reversal of the judgment for the error involved in the incompleteness of the complaint, and the allowance of an amendment to complete the cause of action attempted to be stated.

ID.—CAUSE OF ACTION NOT NEW WITHIN STATUTE OF LIMITATIONS.— In view of the allegations of the original complaint, and of the manifest intent thereof, the amendment proposed and allowed was not the statement of a new cause of action, which would be barred by the ten day limitation of the statute, appellant having been a defendant to the original complaint and served with process before the statute had run in his favor, and as against the appellant the action was begun by the assignee of those who did the work, and the amendment did not go to any other cause of action, but simply to allege omitted facts by which the relief against the property could be effectively granted in favor of all original lien claimants.

ID.—"CAUSE OF ACTION" DISTINGUISHED FROM "REMEDY" AND "RELIEF."—The "cause of action" is to be distinguished from the "remedy"—which is simply the means by which the corresponding action is effectual—and also from the "relief sought."

ID.—ORDER GRANTING RELIEF NOT PREJUDICIAL.—*Held,* that the order granting the relief to the plaintiff was not prejudicial to the appellant, and should be affirmed.

APPEAL from an order of the Superior Court of Kern County vacating a default judgment, and giving leave to plaintiff to file an amended complaint. Paul W. Bennett, Judge.

The facts are stated in the opinion of the court.

Charles G. Lamberson, and Frank Lamberson, for Appellant.

Jacobs & Flack, for Respondent.

ALLEN, P. J.—Appeal by defendant Holt Manufacturing Company from an order after judgment vacating such judgment and giving plaintiff leave to file an amended complaint.

The plaintiff on November 10, 1906, filed his complaint against defendants, in which he set up as a first cause of action that between June 1 and November 1, 1906, he had, at the instance and request of defendant Hubbard, performed work in, about and upon a certain threshing-machine, known as the Holt Combined Harvester, while engaged in threshing and in the use and possession of Hubbard, all in the counties of Tulare and Kern; that Hubbard agreed to pay for said services $686, which sum was a reasonable compensation for such services, and no part of which has been paid, except the sum of $131.60, and that there remained due, owing and unpaid from defendant Hubbard to plaintiff for such services the sum of $554.40; that the defendant Holt Manufacturing Company claimed some interest in said harvester, but that the same was subordinate to plaintiff's claim; that plaintiff claims a lien upon said steam harvester for such work and labor by the action commenced within ten days after cessation of the work. In thirteen subsequent causes of action plaintiff set out the performance of work and labor by various persons at the request of Hubbard and the reasonable value thereof; that cessation from work was had on November 1, 1906; that each of said persons so performing said labor claimed a lien upon the Holt Combined Harvester, and that each and all of said persons performing labor had assigned and transferred their claims for labor and the lien claimed thereunder to plaintiff; and that plaintiff claimed a lien by virtue of the act of March 21, 1905, [Stats. 1905, p. 618], upon said combined steam thresher for all of such work and labor, and in each cause of action it was averred that the Holt Manufacturing Company claimed some interest in said steam thresher, subordinate, however, to the claim of lien of plaintiff. The prayer was for the aggregate amount of all of the claims for work and labor, including that of plaintiff and

those assigned to him, for attorney's fees, for the enforcement and foreclosure of the lien of plaintiff as against the steam harvester and its appliances, under the act above mentioned, and that a special execution issue for the sale of said harvester.

This complaint was verified, summons issued thereon and served upon defendants, and within due time, no appearance or answer having been filed, default of defendants was regularly entered and judgment was rendered in favor of plaintiff and against defendant Hubbard for the amount claimed in the complaint; and it was ordered and decreed that plaintiff had a lien on the steam harvester for the aggregate amount of such work and labor, and for certain attorney's fees and costs, and the execution was directed to issue for the sale of said harvester. That thereafter an execution was issued and the same was levied upon said harvester. That thereupon the appellant paid into the hands of the clerk of the court, for the use of plaintiff, the sum of $580.40, the amount of the first cause of action, and instituted an action in claim and delivery against the sheriff under which he took possession of said threshing machine. Thereupon, on the twenty-first day of February, 1907, plaintiff moved the court to vacate the judgment theretofore entered in his favor, praying the court that he be permitted to file an amended complaint, setting forth that such judgment was made and entered through mistake, inadvertence, surprise and excusable neglect of plaintiff, as shown by affidavits set out in the transcript. The court, upon the hearing of this motion, made its order vacating the original judgment and gave plaintiff leave to file an amended complaint, from which last-mentioned order this appeal is taken.

It will be observed that all of the causes of action, from the second to the fourteenth, inclusive, were incomplete in that it is not averred that the work or labor was performed in, with, about, or upon the threshing-machine. The act of March 21, 1905 (now section 3061, Civil Code), gives a lien to anyone performing work or labor in, about, or upon a threshing-machine to the extent of the value of his services, which lien extends for ten days after such person ceases such work or labor, provided, within that time an action is brought to recover the amount of the claim. The original complaint

clearly showed the intention of plaintiff to assert a lien against the harvester on account of the work and labor. This is manifest by the reference in the complaint to the thresher and plaintiff's claim of lien thereon, the reference to the section of the law giving a lien for work and labor upon a thresher, and the statement that appellant claimed an interest in such thresher. It cannot be said that no cause of action was attempted to be stated which would entitle plaintiff to relief. "If the object of a plaintiff can be ascertained from the allegations of his complaint, and the court has power to grant the relief demanded, and jurisdiction of the parties, the judgment is not vulnerable to a collateral attack, although the complaint may in fact be bad in substance." (*Brush* v. *Smith,* 141 Cal. 470, [75 Pac. 55] ; *Crane* v. *Cummings,* 137 Cal. 202, [69 Pac. 984].) The true criticism of the complaint is in relation to its incompleteness in not fully developing the facts which entitled plaintiff to the relief demanded. In our opinion, the judgment was not void, it affirmatively appearing that the court had jurisdiction of the subject matter and of the person of defendant, and the relief was such as was demanded in the complaint and specified in the summons. If it were error upon the part of the court to render a judgment directing the sale of the harvester, in the absence of averments in certain causes of action showing that the work which had been performed by Hubbard was in and upon the machine, or in rendering a judgment within the amount claimed in the prayer, but in excess of the amount found due by the first cause of action, nevertheless, it was a matter which could be corrected only upon appeal, or upon proper showing by motion, if made within the time limited by section 473 of the Code of Civil Procedure. (*Mayo* v. *Ah Loy,* 32 Cal. 480, [91 Am. Dec. 595] ; *Blondeau* v. *Snyder,* 95 Cal. 522, [31 Pac. 591] ; *Wood* v. *Jordan,* 125 Cal. 262, [57 Pac. 997].) The apparent abandonment by plaintiff of his rights acquired under the levy was no doubt occasioned because he was apprehensive of the result of a direct attack upon his judgment by appeal. While it has generally been held that a default judgment is, in effect, a consent judgment, and that a direct appeal will not lie from a consent judgment, yet in this state, under the decision in *Jameson* v. *Simonds Saw Co.,* 144 Cal. 3, [77 Pac. 662], it is apparent that the judgment would be open to attack by a direct appeal or by motion to

vacate and set it aside. Plaintiff was, therefore, placed in a position where, through an appeal within the time limited by the statute, his judgment might be reversed. In so far as the judgment was defective and failed to finally adjudicate the rights of plaintiff, it was a proceeding taken against him, and it was permissible for him to invoke the aid afforded by section 473 of the Code of Civil Procedure (*Bernheim* v. *Cerf*, 123 Cal. 170, [55 Pac. 759]). That a plaintiff as well as a defendant may invoke the relief provided by section 473, Code of Civil Procedure, has been frequently decided; that such section should be liberally construed is established; that the granting of such relief is largely within the discretion of the court is unquestioned. The effect of the order vacating the judgment under section 473, Code of Civil Procedure, was only affording such relief as could have been obtained through a reversal on account of the error involved in the incompleteness of the complaint. It follows, therefore, that while the judgment so rendered was valid and enforceable and not subject to collateral attack, the order vacating the same on account of the error was not improper, having in view the rights of litigants to have their controversies speedily and effectively determined. In making this order, even though no direct attack by defendant had been made, the court was exercising its jurisdiction in a pending proceeding, and in granting such relief the rights of appellant were in no wise prejudiced, provided, of course, that the amendment proposed—which was only to the effect that the work and labor was performed upon the machine—was not in fact stating a new cause of action; for, when the judgment was vacated, either upon plaintiff's motion, as was done here, or by appeal by appellant, the effect was the same. In either case, the appellant's rights were re-established as a litigant through which it was entitled to litigate and have determined any issues which by answer it might raise, from which it had been barred by its default. Under the allegations of the original complaint and the manifest intent thereof, the amendment proposed was not the statement of a new cause of action which would be barred by the ten day limitation, for appellant was a defendant to the original complaint and served with process before the statute had run in its favor. (*Jeffers* v. *Cook*, 58 Cal. 150.) Against appellant, the action was commenced by the assignee of those who did the work. The

amendment did not go to establishing any other cause of action against the parties before the court, but simply to allege omitted facts under which the relief as against the property could be effectively granted. "The 'cause of action' is to be distinguished from the 'remedy'—which is simply the means by which the obligation or the corresponding action is effectuated—and also from the 'relief' sought." (*Frost* v. *Witter*, 132 Cal. 426, [84 Am. St. Rep. 53, 64 Pac. 705], and cases cited; *Frey* v. *Vignier*, 145 Cal. 251, [78 Pac. 733]; *People's Lumber Co.* v. *Gillard*, 5 Cal. App. 440, [90 Pac. 556].) In our opinion, therefore, there was no error in granting the relief to plaintiff by the order made, the affidavits disclosing, as they did, such mistakes as would warrant the court in granting the relief, and were even such error conceded, the same was in no sense prejudicial to appellant.

Order affirmed.

Shaw, J., and Taggart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 24, 1909.