TONN et al. v. INNER SHOE TIRE CO.
(No. 10542.)

(Court of Civil Appeals of Texas. Fort Worth. March 8, 1924. Rehearing Denied April 12, 1924.)

1. Account, action on ⊗⇒10—Pleading held not to show case in which verified open account could be accepted as proof.

Petition that on or about a certain date defendant procured and purchased from plaintiff certain goods set forth in an exhibit *held* to show an isolated transaction and not proper case in which verified open account could be accepted as proof of any indebtedness, under Rev. St. art. 3712.

2. Partnership ⊗⇒165—That no judgment rendered against partnership as such held immaterial to enforcing individual liability.

In so far as liability of individual members of partnership is concerned for acts done or obligations incurred within scope of partnership, it is immaterial that no judgment was rendered against the partnership as such, on the partners being cited and judgment being rendered against all of them, jointly and severally.

3. Appeal and error ⊗⇒1036(1)—Permitting firm as such to be made party defendant in amended petition held not prejudicial error.

Error of court in permitting partnership as such to be made party defendant in an amended petition was not prejudicial or material, where all of the partners were cited, and

judgment was rendered against all of them jointly and severally.

**4. Appeal and error ⟨⟩1071(1)—Failure of trial court to file findings of fact and conclusions of law held not reversible error.**

Failure of trial court to file findings of fact and conclusions of law is not reversible error, where there is in record statement of facts approved by trial judge, and it does not appear that failure to file such findings has prevented presentation of questions involved in appeal.

On Motion for Rehearing.

**5. Pleading ⟨⟩248(7)—Cause of action set up in original petition held same as that in amended petition.**

A petition to recover upon open account for goods sold *held* to state same cause of action as an amended petition for price of goods, being same as specified in verified account, so that an objection that court erred in proceeding to trial on amended petition without additional citation or time to prepare for trial was not tenable.

**6. Action ⟨⟩1—"Cause of action" distinguished from "remedy"; "relief."**

"A cause of action" is distinguishable from the "remedy," which is simply the means by which the obligation is effectuated, and also from the "relief" sought (citing Words and Phrases, Second Series, "Cause of Action").

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Relief; Remedy.]

Appeal from Haskell County Court; Jas. P. Kinnard, Judge.

Suit by the Inner Shoe Tire Company against A. Tonn and another, in which the Tonn Garage was made a party defendant. Judgment for plaintiff, and defendants appeal. Affirmed.

Smith & Grissom, of Haskell, for appellants.

Ratliff & Ratliff, of Haskell, for appellee.

BUCK, J. The Inner Shoe Tire Company, a Michigan corporation, filed suit in the county court of Haskell county, which, under a special statute, has concurrent jurisdiction with the justice court in civil cases, on a verified account for $172.80, with accrued interest from March 1, 1921, against A. and Eugene Tonn. The defendants on December 28, 1921, answered by way of a special exception and a sworn denial that the account was just and true in whole or in part. The plaintiff moved to strike out the exception and answer, because, as alleged, it came too late. It alleged that suit was filed April 25, 1922, and citation served on defendants on the 18th and 19th of May, 1922, and that three terms of the court had elapsed since the filing of the suit and before defendants' answer was filed, and that the cause had been passed and continued at the instance of defendants; that to permit such answer to be filed and considered at the time would result in another continuance, in order that plaintiff might secure the needed testimony from its home office in Michigan. This motion was supported by the affidavit of one of plaintiff's attorneys. On December 29, 1922, plaintiff filed its first amended original petition, in which it alleged that on or about the 18th of January, 1921, defendants procured and purchased from the plaintiff, in writing, the goods and wares set forth in its exhibit, and the defendants became obligated to pay the sum of $172.80 therefor. The Tonn Garage was made a party defendant in this petition. An exhibit was attached, showing the same articles as contained in the original verified account. The trial court, on December 29, 1922, rendered judgment for plaintiff against A. and Eugene Tonn, jointly and severally, for $191.50, and recited in said judgment that the attorneys for defendants were present in court at the time of the entry of judgment, but would make no answer to the amended petition. The judgment further recites that the court sustained the special exception of defendants to the original petition. From this judgment the defendants, the Tonn Garage, A. Tonn, and Eugene Tonn, have appealed.

[1] Under the provisions of article 3712, Rev. Civ. Statutes, we think the trial court correctly sustained defendants' exception that, on the face of the plaintiff's pleading it was shown "to have been an isolated transaction and not a proper case in which a verified open account could be accepted as proof of any indebtedness." McCamant v. Batsell, 59 Tex. 363; Ry. Co. v. Daniels, 62 Tex. 70, and other cases cited under said article.

On the trial the plaintiff introduced L. D. Ratliff, attorney for plaintiff, who testified in part:

"A short time after we received the claim against the defendants in this suit, and on which this suit is filed, we notified them we had the claim in our hands. In a few days I met A. Tonn, one of the defendants, on the street, and he told me that he had received our notice of the claim; that he had bought the 'damn' stuff all right and still had it, but that he was not going to pay for it, and we could just sue. After that we brought this suit. The Inner Shoe Tire Company, the plaintiff herein, is a corporation, duly incorporated, and the Tonn Garage is a copartnership firm composed of A. Tonn and Eugene Tonn, and has a place of business in Haskell, Haskell county, Tex."

The plaintiff then introduced an order for the goods, tires, mentioned in the verified account, addressed to the plaintiff at Grand Rapids, Mich., and apparently signed by the "Tonn Garage." No testimony was offered by the defendants.

In their brief appellants offer only two grounds for reversal, as follows:

"(1) The court erred in permitting appellee to proceed to trial on its amended petition, for the reason that said amended petition abandoned the verified account that appellee predicated their case upon in its original petition, and substituted therefor a plea upon a written contract, and made the Tonn Garage an additional defendant, and granted appellee judgment without additional service of citation or notice, without permitting appellant time to prepare to meet the allegations contained in appellee's amended petition, which error on the part of the court is fundamental.

"(2) The court erred in failing and refusing to prepare and file with the clerk of said court his finding of facts and conclusions of law within the statutory time after the adjournment of said term of court, after having been requested in open court and by a written request duly filed and recorded in the minutes of said term of court to do so, which error on the part of the court is fundamental."

[2, 3] The Tonn Garage was merely the name under which A. Tonn and Eugene Tonn operated their partnership business. At common law a partnership had no legal entity, but was merely a status, the result of a contract, as is marriage; it could neither sue or be sued, and suits affecting it must be by or against the members of the firm. Our statutes do not authorize suits against partnerships in their firm names, but merely provide that, when partners are sued, service upon one will authorize judgment against him and against the firm. Glasscock v. Price, 92 Tex. 271, 273, 47 S. W. 965. Therefore, in so far as the liability of the individual partners is concerned for acts done or obligations incurred within the scope of the partnership, it is immaterial that no judgment was rendered against the partnership as such. Where all the partners are cited and judgment is rendered against all of them, jointly and severally, no ground of complaint on the part of the individual partners is afforded, because no judgment was rendered against the partnership in its partnership name. The only purpose of making the partnership a party to the suit is to authorize a judgment and execution against the partnership property, where one or more of the partners have not been served with citation, and therefore no judgment may be rendered against such partners not served. Having the right to adopt a firm name, it normally follows that the firm may be held liable on contracts entered into under such name. 20 R. C. L. p. 803, § 5; 30 Cyc. p. 402, § 10. Therefore we conclude that no prejudicial error is shown either in permitting the partnership "Tonn Garage" to be made a party to the suit in the amended petition or in not disposing of the partnership name in the judgment.

[4] We are further of the opinion that no reversible error is shown by the failure of the trial court to file findings of fact and conclusions of law, even if the question is properly raised by appellants' bill of exceptions not approved by the trial judge. Since there is in the record a statement of facts, duly prepared and approved by the trial judge, and it does not appear that the failure to file such findings has prevented a proper presentation in this court of the questions involved in the appeal, such failure to file the findings is at most harmless error. Barfield v. Emery, 107 Tex. 306, 177 S. W. 952; Barfield v. Emery (Tex. Civ. App.) 156 S. W. 311, dissenting opinion of Chief Justice Conner, of this court, which was sustained by the Supreme Court.

All assignments are overruled, and judgment is affirmed.

### On Motion for Rehearing.

[5] Appellants urge error in our original opinion in the following words:

"Because the court erred in rendering its judgment of affirmance in this cause, in that the writer of the opinion evidently failed to grasp the main matter complained of by the appellant, or else the attorney for the appellant, failed to make himself clear on the subject. The appellant assigned error on account of the court permitting appellee to change its petition from a 'verified account 'petition' to a cause of action based upon a written contract, and then proceed to trial on its amended petition without additional citation or time to prepare for trial under the new made issues as presented by appellee."

We do not think that plaintiff below set up a cause of action in its first amended petition different from that alleged in its original petition. Defendants excepted to the original petition on the ground that the "same alleges and pleads an open account, while on the face of said pleading it shows to have been an isolated transaction and not a proper case for an itemized account, and not a transaction in which a verified open account could be accepted as proof of any indebtedness." The court sustained this special exception, and overruled plaintiff's motion to strike out same. Whereupon plaintiff by its first amended petition, alleged that defendants had purchased from the plaintiff certain goods, the same as specified in the verified account, by a contract in writing.

[6] Defendants' attorneys announced to the trial court that they would make no appearance in said cause as to the amended pleading of plaintiff. Whereupon the court, having heard the evidence, rendered judgment for plaintiff. It does not appear that defendants asked for further time to secure evidence, or for any other purpose. The suit to recover upon an open account and the suit set out in the amended petition were in fact the same cause of action. "A cause of

action" is distinguishable from the "remedy," which is simply the means by which the obligation or corresponding action is effectuated, and also from the "relief" sought. 1 Words and Phrases (Second Series) p. 603; Lemon v. Hubbard, 10 Cal. App. 471, 102 Pac. 554, 556. Mr. Pomeroy, in his work on Code Remedies (4th Ed.) §§ 347, 348, says:

"Every judicial action must therefore involve the following elements: A primary right possessed by the plaintiff, and a corresponding primary duty devolving upon the defendant; a delict or wrong done by the defendant which consisted in a breach of such primary right and duty; a remedial right in favor of the plaintiff, and a remedial duty resting on the defendant springing from this delict; and finally the remedy or relief itself. Every action, however complicated or however simple, must contain these essential elements. Of these elements the primary right and duty and the delict or wrong combined constitute the 'cause of action,' in the legal sense of the term, and as it is used in the Codes of the several states. They are the legal cause or foundation whence the right of action springs; this right of action being identical with the 'remedial right,' as designated in my analysis."

See, also, Phœnix Lumber Co. v. Houston Waterworks, 94 Tex. 456, 61 S. W. 707; Johnson v. King, 64 Tex. 226; Phillio v. Blythe, 12 Tex. 124, 127.

The cause of action alleged in the original petition and that set up in the amended petition was the same. Only different proof by the plaintiff was required to establish the cause of action.

The motion is overruled.