(No. 6210. May 3, 1935.)

OCCIDENTAL LIFE INSURANCE CO., a Corporation, Respondent, v. L. J. NIENDORF and EFFIE NIENDORF, His Wife, Appellants.

[44 Pac. (2d) 1099.]

522

Ralph Litton, for Appellants.

F. L. Soule, for Respondent.

AILSHIE, J.—This is an action to foreclose a real estate mortgage. Complaint was filed and summons issued; personal service was had upon each of appellants. Appellants having failed to enter an appearance within the time allowed, default was regularly entered by the court and judgment of foreclosure was rendered as prayed for in complaint. Writ of execution was issued pursuant to judgment and order of sale but was never served,—the property was not sold under it and execution was withdrawn and returned by the sheriff who reported no sale made. About one month subsequent to entry of judgment motion was filed by plaintiff's attorney to set aside and vacate the default and judgment and to reinstate the cause to its status prior to the entry of the default and judgment; neither the motion nor notice thereof was served. Thereafter the lower court made an *ex parte* order granting the motion and vacating the default and judgment.

On June 12, 1934, counsel for appellants filed a motion to vacate and annul the order vacating the default and judgment; this motion was argued, submitted and taken under advisement by the court. August 29, 1934, the court entered its order denying the motion, to which ruling the appellants excepted. This appeal is from the order vacating, annulling and setting aside the default and judgment and from the order denying and overruling appellants' motion to vacate and annul the order setting aside, annulling and vacating said default and judgment.

Two assignments of error are made by counsel for appellants: First: "That the court erred in making and entering its order granting respondent's motion to vacate the default and judgment for the following reasons:"

(a) That the affidavit upon which said motion is based is insufficient to support said order, as it does not state facts upon which the court can exercise its discretion.

(b) That said default and judgment could not be vacated without notice to appellants (no service on appellants of motion to vacate default and judgment).

(c) That the affidavit made by counsel for respondent is defective in that it does not state that he is familiar with the facts of the case and believes that respondent has good and sufficient cause for vacating said default and judgment, etc.

The second assignment is against the order of the court denying the appellants' motion to vacate the *ex parte* order setting aside the judgment and raises the same questions involved in the first assignment.

■■ The grounds other than formal matters stated in the affidavit by plaintiff's attorney for setting aside the default and judgment are as follows: "That by oversight and inadvertence of the plaintiff, this plaintiff has not sought, and did not in its complaint seek all the relief to which it was entitled and desires that said default and judgment be set aside and vacated in order that such relief may be sought in these proceedings." This affidavit was insufficient to invoke or call into action the discretion of the court so as to enable it to vacate its judgment previously entered. In an affidavit to set aside a judgment or default it is not sufficient to merely state that the judgment or order which it is sought to vacate was taken "by oversight and inadvertence," but must state the facts and circumstances which it is claimed constitute the oversight and inadvertence in order to set in action the judgment and discretion of the court, who must eventually determine whether or not there was such an "oversight" or "inadvertence" as is contemplated by the statute in order to justify entering the order sought. Such has been the uniform holding of this court throughout a long period of years. (*Holland Bank v. Lieuallen*, 6 Ida. 127, 53 Pac. 398; *Holzeman v. Henneberry*, 11 Ida. 428, 83 Pac. 497; *Pease v. County of Kootenai*, 7 Ida.

731, 65 Pac. 432; *Western Loan etc. Co. v. Smith,* 12 Ida. 94, 85 Pac. 1084; *In re Pittock's Estate,* 15 Ida. 47, 96 Pac. 212; *Culver v. Mountain Home Electric Co.,* 17 Ida. 669, 107 Pac. 65; *Hall v. Whittier,* 20 Ida. 120, 126, 116 Pac. 1031; *Day* v. *Burnett,* 38 Ida. 620, 224 Pac. 427, 429; *Ward v. Burley State Bank,* 38 Ida. 764, 225 Pac. 497, 498; *Savage v. Stokes,* 54 Ida. 109, 28 Pac. (2d) 900.)

In *Hall v. Whittier, supra,* this court said:

"Counsel did not set forth any of the facts which constituted the inadvertence or mistake. It has been repeatedly held by this court in all matters of this kind that the facts must be presented to the court upon which the party relies to bring himself within the purview of the statute. . . . . he must set up those facts and submit them to the judgment and discretion of the court, who must be the final judge as to their sufficiency."

Here the affidavit did not pretend to excuse the "oversight and inadvertence," nor did it show what other or additional facts might have been set up in plaintiff's complaint and what other or additional relief it would have been entitled to, had such facts been pleaded; or whether the additional relief sought was such as might be claimed in the particular action being prosecuted.

It has been held by the California court, where sec. 473, Code Civ. Proc., corresponds with our sec. 5–905, I. C. A., that the aid of the section "may be invoked by one in whose favor the judgment is rendered even though he was present at the trial," where showing is made that he has been' or will be prejudiced by some excusable mistake, inadvertence, surprise or neglect which has occurred. (*Bernheim v. Cerf,* 123 Cal. 170, 55 Pac. 759.) It has been held that the remedy provided by similar statutes to our sec. 5–905, I. C. A., "is available to one in whose favor a judgment is rendered, as well as to one against whom judgment has gone." In considering a like statute Chief Justice Callaway of Montana, speaking for the court in the case of *Meyer v. Lemley,* 86 Mont. 83, 282 Pac. 268, 270, said:

"The statute, though providing a remedy at law, is founded upon equitable principles. It is liberal, and designed to promote justice, but the suitor must be diligent in asserting his rights. Indeed, the statute is designed to afford a speedy remedy in the action itself, rather than to subject the litigant to the delay and expense of a separate suit. The remedy provided is available to one in whose favor a judgment is rendered, as well as to one against whom judgment has gone. This has been held in California, from which state we borrowed the statute, many times. *Brackett v. Banegas,* 99 Cal. 623, 34 Pac. 344; *Bernheim v. Cerf,* 123 Cal. 170, 55 Pac. 759; *Palace Hardware Co. v. Smith,* 134 Cal. 381, 66 Pac. 474; *Grannis v. Superior Court,* 143 Cal. 630, 77 Pac. 647; *Lemon v. Hubbard,* 10 Cal. App. 471, 102 Pac. 554, 556. And compare *Federal Land Bank v. Gallatin County,* 84 Mont. 98, 274 Pac. 288."

We are therefore forced to the conclusion that if this statute applies to and affords a remedy for a plaintiff who has obtained an unsatisfactory judgment as well as to a defendant against whom judgment has been rendered, then it necessarily follows that the same duty to make a showing is imposed upon the one as upon the other. (See 1 Black on Judgments, 314.)

■■ It was error for the court to enter the order complained of *ex parte.* The application was undoubtedly intended to be, and in fact had to be, made under the provisions of sec. 5–905, I. C. A. That part of the statute relating to the matter now under consideration reads as follows:

"The court may likewise, in its discretion, after notice to the adverse party, allow upon such terms as may be just an amendment to any pleading or proceeding in other particulars, and may, upon like terms, allow an answer to be made after the time limited by this code, and also relieve a party, or his legal representative, from a judgment, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect."

As applied to the present case the words "after notice to the adverse party" have reference and apply to the defendants. Under the plain provisions of this statute they should have been served with notice of the motion. It is claimed, however, by respondent that it was relieved from making any further service upon the defendants, appellants here, by the provisions of sec. 12–504, I. C. A., which reads in part as follows:

"Where a defendant has not appeared, service of notice or papers need not be made upon him [after default] unless he is imprisoned in the action for want of bail."

This section does not relieve a plaintiff of the necessity of serving a defendant in default in a case like this *where the plaintiff is seeking an order after judgment, which is itself appealable* under sec. 11–201, I. C. A. According to plaintiff's affidavit to vacate the judgment it wanted to amend its complaint so as to obtain greater relief than that to which it was entitled under the complaint filed and served; and of course after amending its complaint it wanted some other relief over and above that to which its original pleading entitled it. Defendants by defaulting indicated their willingness for plaintiff to take such relief as its complaint entitled it to. They may have thought that under the statute, 1933 Sess. Laws, chap. 150, the complaint would not justify or support a deficiency judgment against them. Indeed they might have been satisfied with the original judgment. At any rate plaintiff applied for and obtained an *ex parte* order which was appealable and we have no doubt of the necessity for serving notice of such an application.

▇ It has been held by this court, and indeed the doctrine is universal, that "courts of record" have inherent power "to vacate their judgments, void upon the face of the judgment-roll, upon motion of a party, or its own motion, at any time." (*Baldwin v. Anderson,* 51 Ida. 614, at 617, 8 Pac. (2d) 461; *Angel v. Mellen,* 48 Ida. 750, 285 Pac. 461; *Backman v. Douglas,* 46 Ida. 671, 677, 270 Pac. 618; *Shumake v. Shumake,* 17 Ida. 649, 663, 107 Pac. 42; *Jensen v.*

*Gooch,* 36 Ida. 457, 211 Pac. 551; 1 Black on Judgments, 2d ed., 307.)

█ It is claimed, however, by respondent "that the judgment is void on its face and therefore the court may vacate it, regardless of whether or not the action is taken in term time." Respondent's contention is correct if it be conceded that the judgment is void. That position is disputed by appellant and it becomes necessary to examine the judgment-roll for the purpose of determining whether or not the contention that the judgment is void on its face is correct. (*Baldwin v. Anderson,* 50 Ida. 606, 299 Pac. 341, 51 Ida. 614, 8 Pac. (2d) 461; *Gile v. Wood,* 32 Ida. 752, 188 Pac. 36; *Maloney v. Zipf,* 41 Ida. 30, 237 Pac. 632.) On doing so, we find that the complaint is in the usual form of complaints in foreclosure, sufficient on its face for the purpose of sustaining a judgment. The court had jurisdiction of the subject matter and of the defendants who had been personally served. It also had the power to render a judgment in foreclosure. The foreclosure decree was within the issues tendered by the complaint.

██ It appears to be conceded by both appellants and respondent that that part of the judgment, ordering and directing that, if any deficiency should exist after applying the proceeds from the sale of the mortgaged property to the payment of the debt and costs, upon the coming in of the return the clerk should enter a deficiency judgment for the balance, is void. Conceding that to be the case, it does not affect or void the whole judgment. It has been held by this court that "If the judgment is void in part and such void portion can be separated from the balance, relief may be granted to that extent. In such case the void portion will be vacated and the valid portion will be permitted to stand." (*Backman v. Douglas,* 46 Ida. 671, 270 Pac. 618; *Angel v. Mellen,* 48 Ida. 750, 285 Pac. 461; *Gile v. Wood, supra.* See, also, *Western Land & Cattle Co. v. National Bank,* 29 Ariz. 51, 239 Pac. 299; *Connell v. McGahie,* 37 Cal. App. 439, 173 Pac. 1115, 1116 (5); *Roth v. Union Nat. Bank,* 58 Okl. 604, 160 Pac. 505, 512 (7).)

■ ■ It is insisted by respondent that the order can be upheld under the common-law power of the court to modify, alter or vacate its judgments at any time during the term at which they were entered. This power has been recognized in many cases. (*Wiggin v. Superior Court,* 68 Cal. 398, 9 Pac. 646; *Brackett v. Banegas,* 99 Cal. 623, 34 Pac. 344; *Durre v. Brown,* 7 Ind. App. 127, 34 N. E. 577; *Phillips v. Ordway,* 101 U. S. 745, 25 L. ed. 1040; 34 C. J., sec. 491, p. 268.)

For the purposes of the immediate case under consideration, it may be conceded that the common-law powers exist in this state, but there is no room for doubt that where, and in so far as *the manner and method of exercising these powers has been defined and prescribed by statute, the statutory method and remedy is exclusive.* It follows, therefore, that where the statute (sec. 5–905, I. C. A.) says a showing must be made, such showing cannot be dispensed with because it was not required at common law; and in those cases wherein the statute requires notice to be given, notice must be given, notwithstanding the fact that no notice was required at common law.

The theory upon which the common law allowed the *nisi prius* courts to modify or vacate their judgments at will any time during the term at which rendered was that "during the term the record was in the breast or knowledge of the judge, and not in the roll, and it was not until the term closed that the record was made up and compiled, after which it could not be disturbed." (See 14 Cal. Jur. 1009, and cases cited; *Phillips v. Ordway,* 101 U. S. 745, 25 L. ed. 1040.

Our statutes provide a different method of making and preserving records and judgment-rolls of actions and proceedings as cases are tried and disposed of and specific methods of correcting, modifying and reviewing them; and these are even more reliable than the "breast or knowledge" of a judge who is trying cases from day to day and who cannot be expected to carry "in his bosom" the record of all cases tried at any given term of court.

The power of a trial court to act under sec. 5–905, I. C. A., in a matter like that involved in this case should not be confused with the inherent power of the court to correct *mistakes and clerical errors* which have occurred in the making or entry of a judgment or order, or in the *failure of the record to speak the truth and disclose the actual ruling or order of the court.* In *Wyllie v. Kent,* 28 Ida. 16, 152 Pac. 194, this court said:

"It is a well-established rule that where, through mistake, there has been a failure to enter the judgment pronounced, the court has power to correct the matter and to order the proper entry made. Clerical mistakes can be corrected in this manner, but judicial errors can only be remedied by motion for a new trial or upon appeal." (Section 1–1603, I. C. A.; *Donahoe v. Herrick,* 44 Ida. 560, 260 Pac. 150; *State v. Douglass,* 35 Ida. 140, 208 Pac. 236; *State v. Winter,* 24 Ida. 749, 135 Pac. 739. See, also, *Wildenhayn v. Justice's Court,* 34 Cal. App. 306, 167 Pac. 305; note, 67 A. L. R. 832.)

The order of the trial court, vacating and setting aside default and judgment, is reversed and the cause is remanded with directions to the court to vacate and set aside its order vacating the judgment and default. Costs awarded to appellants.

Givens, C. J., and Budge, Morgan and Holden, JJ., concur.